## Hamilton, Appellant, *v.* Lawrence.

Argued April 11, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Milford L. McBride,* and with him *Louis J. Wiesen,* for appellant, cited: Commonwealth v. Standard Oil Co., 101 Pa. 119; Philadelphia v. Costello, 17 Pa. Superior Ct. 339.

*T. A. Sampson* of *Stranahan & Sampson,* and with him *L. R. Rickard,* County Solicitor, for appellees, cited: Commonwealth v. Scott, 7 Pa. C. C. 409; Harrisburg v. Guiles, 192 Pa. 191.

Opinion by Keller, J., July 14, 1933:

This is an appeal from a judgment on a case stated. It is concerned with the county tax collectible on real estate in Wolf Creek Township, Mercer County, with special reference to the Act of May 9, 1929, P. L. 1684, authorizing county treasurers to sell at public sale all seated lands upon which taxes assessed are delinquent and fixing penalties for such delinquency, etc., and the Act of May 29, 1931, P. L. 280, relating to delinquent taxes on seated lands and prescribing interest charges on nonpayment thereof, and authorizing county treasurers to sell seated lands at public sale

for taxes heretofore or hereafter returned as unpaid, etc., which expressly repealed the Act of 1929, supra.

The plaintiff's farm of 106 acres was sold on August 4, 1930, pursuant to the Act of 1929, supra, for the taxes for 1928 and 1929, and was purchased by the Commissioners of Mercer County for $213.12, which was sufficient to pay taxes, interest, penalties and costs.

The taxes for the next two years, pursuant to section 13 of the Act of 1929, were charged against the land in the same amount as would have been chargeable had the same not been purchased by the commissioners. The assessed taxes were as follows:

### 1930

| | |
|---|---|
| County | $30 |
| School | 30 |
| Road (Township) | 25 |
| | $85 |

| 1931 | |
|---|---|
| County | $30 |
| School | 33 |
| Road (Township) | 25 |
| | $88 |

On July 22, 1932, in order to redeem the land, the attorney for Mr. Hamilton and his grantees paid the County Treasurer the sum of $424.35, made up as follows:

"Purchase price at tax sale ...............$213.12

| | |
|---|---|
| Interest (6%), Aug. 4, 1930 to July 22, 1932 | 25.23 |
| 1930 tax | 85.00 |
| Interest (6%), Jan. 1, 1931 to July 22, 1932 | 8.00 |
| 1931 tax | 88.00 |
| Interest (6%), Jan. 1, 1932 to July 22, 1932 | 3.00 |
| Filing Fee (1930 tax) | 1.00 |
| Filing Fee (1931 tax) | 1.00 |

Total ........................$424.35"

The county treasurer refused to mark the land as redeemed unless the following additional amounts were paid:

| | |
|---|---:|
| 5% additional (penalty) on 1930 tax | $4.25 |
| Interest (penalty) on 1930 tax 1% per month from Jan. 1, 1931 to July 22, 1932, under Act of 1929, P. L. 1684, less interest, 6%, paid by first check | 8.00 |
| 5% additional (penalty) on 1931 tax | 4.40 |
| Interest on $4.40 (penalty) on $88.00 from Jan. 1, 1932 to July 22, 1932 | .15 |
| | $16.80 |

which were paid, under protest, and this case stated framed to determine their legality.

The court below rendered judgment in favor of the defendant.

We shall discuss the matter under three heads: (1) The so-called 5% penalty; (2) interest on this 5%; (3) the 1% per month penalty imposed by the Act of 1929.

(1) While the additional tax of 5% added to the tax assessed, if not paid within six months after notice of the issue and delivery of the tax duplicate, is commonly referred to as a 5% penalty, it is not so named in the Acts creating it, as respects taxes in boroughs and townships. The Act of June 25, 1885, P. L. 187, in section 7, provided:

"Where any duplicate of taxes assessed is issued and delivered to the collector of taxes, it shall be the duty of said collector to give public notice as soon thereafter as conveniently can be done, by at least ten written or printed notices to be posted in as many public places in different parts of the township or borough, that said duplicate has been issued and delivered to him; and all persons, who shall within sixty days from the date of said notice make payment of

any taxes charged against them in said duplicate, shall be entitled to a reduction of five per centum from the amount thereof; and all persons, who shall fail to make payment of any taxes charged against them in said duplicate for six months after notice given as aforesaid, shall be charged five per cent additional on the taxes charged against them, which shall be added thereto by said collector of taxes and collected by him.''

This was amended in 1909, (Act of May 1, 1909, P. L. 305), by enlarging the period, within which a reduction of five per centum is allowed, from sixty to ninety days. As amended it is still in force and was not affected by the Act of 1929.

While it partakes of the nature of a penalty for delay in the payment of taxes, strictly speaking, it is declared to be an additional sum to be added by the collector to the taxes charged in the duplicate, and collected by him. It becomes a part of the tax, with the same effect as if it had been originally charged in the duplicate, and carries the same incidents. The Supreme Court so decided in the Appeal of the City of Titusville, 108 Pa. 600, 603, where in construing a like provision in the Act of March 18, 1875, P. L. 15, relating to third class cities, and providing that ''an additional sum of five per centum shall be added to all the taxes ...... remaining unpaid'' after a certain date, it said: ''The obvious meaning of the 5th section, above quoted, is that if the tax be not paid on or before September 1st, five per centum thereof shall be added to and become a part of the tax; and, if the tax thus increased be not paid on or before October 1st, a like amount shall be added thereto and form a part thereof, thus increasing the tax, as originally levied, one tenth. This provision was doubtless intended to secure prompt payment of taxes and at the same time save the expense of employing collectors. The same objects are sometimes accomplished

by allowing a graduated abatement for prompt payment prior to certain dates, and thereafter adding a certain percentage for delinquency. The 'taxes remaining unpaid,' a detailed statement of which the treasurer is required to prepare and deliver to the city solicitor after the first of January, evidently means the tax originally levied, increased by the addition thereto of the ten per cent. The increase of the tax, thus authorized by the terms of the supplement, is in the nature of interest or damages rather than a penalty, in the strict sense of that word; but, whether it be regarded as damages, for deferred payment, or a penalty, it is very clear that each additional sum of five per cent, becomes a part of the tax which the delinquent taxpayer is required to pay, and to secure which the priority of lien is given.''

And in Harrisburg v. Guiles, 192 Pa. 191, 201, which involved the amount for which the sureties on a tax collector's bond were liable, Judge MCPHERSON of the Court of Common Pleas of Dauphin County, in an opinion which was approved by the Supreme Court (p. 206, referring to assignment of error 8), said: ''It is to be noticed that sections 8 and 9 of the act of 1889 expressly make a collector prima facie liable for the amount of tax charged in the duplicate. This is the sum for which he becomes liable when he accepts the duplicate, and this is the obligation of the sureties on the bond. The word 'tax,' however, includes the penalty, which by force of the statutes becomes a part of the tax: Com. v. Scott, 7 Pa. C. C. R. 409; Titusville's Appeal, 108 Pa. 600.'' It is true that Judge MCPHERSON used the colloquial term 'penalty,' but the important part of his decision was that the additional five per cent *becomes part of the tax*.

As before pointed out the Act of 1885, as amended, was not repealed or in any way affected by the Act of 1929. Hence the additional five per cent added to the tax for delay in payment became part of the tax

and had to be paid by appellant or his grantees in order to redeem the land sold for taxes.

(2) We have no doubt that under both the Act of 1929 (Sec. 13) and the Act of 1931 (Sec. 16), as well as under prior legislation, interest was due and payable on delinquent taxes after the year in which they were assessed and levied. As the five per cent added for delay in payment became part of the taxes to be collected, we are of opinion that it likewise bears interest beginning the first day of January following its assessment and levy.

(3) The penalty of one per cent a month imposed by the Act of 1929 is in a different situation. It is a true penalty, imposed *eo nomine*, beginning the first of January of the year following the levy. The legislature evidently came to the conclusion that this remedy was too drastic and at its next session repealed it. We are concerned with the effect of this repeal. The general rule is that a penalty falls with the repeal of the statute imposing it, unless the intention to retain it is clear. This was well expressed in the case of Com. v. Standard Oil Co., 101 Pa. 119, 150, where Mr. Justice PAXSON, speaking for the Supreme Court, said: "The law upon this state of facts is well settled. The Commonwealth reserved the right to collect this tax only. The right to the penalties was gone. No judgment can be rendered in any suit for a *penalty* after the repeal of the Act by which it was imposed. The repeal of a statute puts an end to all suits founded upon it, even though commenced before the date of the repeal: Rex v. Justices of London, 3 Burr. 456; Schooner Rachel v. United States, 6 Cranch 329; The Irresistible, 7 Wheaton 551; United States v. Preston, 3 Peters 57; Pope v. Lewis, 4 Alabama 489; Lewis v. Foster, 1 New Hampshire 61. The repeal of an act imposing a penalty is itself a remission: Maryland v. Balt. & O. R. R. Co., 3 Howard 534; Norris v. Crocker, 13 Id. 429. In reserving, in the repealing Acts, all

taxes accrued and accruing the Commonwealth reserved the right to employ all the ordinary remedies for their collection. But the penalties are in no sense such remedy. They are merely a punishment for the omission to make the reports required by law. The state might have also excepted the penalties from the operation of the repealing Acts, but did not do so. Penal statutes must be construed strictly, and never extended by implication: Andrews v. United States, 2 Story 203. When there is such an ambiguity in a penal statute as to leave reasonable doubt of its meaning, it is the duty of a court not to inflict the penalty: The Schooner Enterprise, 1 Paine C. Ct. 32. The charge of interest of 12 per cent is also a penalty, and is governed by the same rules. Easton Bank v. The Com., 10 Barr 442, 451, would seem to be conclusive upon this branch of the case.''

In that case it was held that the clause in the repealing acts (March 20, 1877, P. L. 6, Sec. 8, and June 7, 1879, P. L. 112, Sec. 18), ''saving, reserving and excepting unto the Commonwealth the right to collect any taxes accrued or accruing under the said laws or parts of laws and sections, or any of them, prior to the date of the approval of this act,'' did not operate to retain the penalty imposed by the act repealed.

The penalty imposed by the Act of 1929, *eo nomine,* would therefore fall with its repeal by the Act of 1931, unless saved by a clear, unambiguous provision of the repealing act.

The 19th section of the Act of 1931 is the provision relied on. It is as follows: ''Section 19. The provisions of this act, in so far as they are the same as those of any act repealed by this act, or of any existing act, shall be construed as a continuation of such laws and not as new enactments. The repeal by this act of any provisions of existing laws shall not affect the validity or lien of any taxes heretofore returned by any tax collector or receiver of taxes to the county

commissioners, or affect, abate or prevent any suit or prosecution pending to enforce collection of the same, or affect the sale of any lands pursuant to such existing laws; and as to taxes heretofore returned to the county commissioners pursuant to existing laws, this act shall be construed only as to affect the remedy for enforcing collection of such taxes so returned on which proceedings for collection have not been heretofore instituted.''

As we read this section it provides that the validity or lien of *taxes* returned by the collector shall not be affected by the repealing act, nor shall any suit pending to enforce collection be affected, abated or prevented, or any sale of lands under the prior law be affected thereby; but the repealing clause shall take effect as to taxes not continued by the repealing act and as to penalties imposed by former acts which are repealed, except where proceedings for the collection thereof had been instituted prior to the taking effect of the repealing act. It certainly does not clearly and unambiguously *except* the penalty above mentioned from the repealing act, except possibly, as to proceedings which had been instituted for the collection of the taxes, etc., imposed under the Act of 1929, prior to its repeal by the Act of 1931.

No such proceedings had been instituted in this instance, as to the taxes assessed for 1930 and 1931, nor could they be, for the lands had been bought by the commissioners and such proceedings would not lie while the lands were so held awaiting redemption.

We are therefore of opinion that the penalty of 1 per cent per month on the 1930 tax, from January 1, 1931 to July 22, 1932—(less the interest of 6 per cent already paid) was not demandable, and that the amount so paid, $8, is recoverable in this action.

The third assignment is sustained, the judgment is reversed and is here entered for the plaintiff for $8 with interest from the date of payment.

It was stipulated by the parties, including the county solicitor, that in case of a reversal of the judgment the costs should be paid by the County of Mercer, the real defendant in interest, and it is so ordered.