Pennsylvania Co. for Insurances on Lives and Granting Annuities, Trustee, *v.* Zussman (et al., Appellant).

Argued April 29, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel A. Goldberg*, with him *Wolf, Block, Schorr & Solis-Cohen*, for appellant.

*Dewey Hoffman*, with him *Thomas J. Norris*, for appellee.

*Robert von Moschzisker*, Solicitor for School District, with him *J. J. Elcock*, Assistant City Solicitor, and *Joseph Sharfsin*, City Solicitor, filed a joint brief, under Rule 61.

PER CURIAM, May 4, 1936:

An early decision of this appeal was requested.

In compliance therewith a formal judgment will now be entered and an opinion filed later.

Judgment affirmed.

OPINION BY KELLER, P. J., July 10, 1936:

At the argument of this appeal an early decision was requested. Within a week we entered judgment affirming the court below. This opinion sets forth the reasons for our action.

The appeal involves the construction of the Act of May 16, 1935, P. L. 166, entitled, "An act providing for the abatement, under certain circumstances, of tax penalties and interest on certain city taxes in cities of the first class, and on certain school taxes in school districts of the first class", and its amendment of June 21, 1935, P. L. 410.

Section one of the amended act provides, "That all penalties and interest, imposed on delinquent city or school taxes in cities of the first class and in school districts of the first class, for the tax year 1933 and for all previous tax years, and the penalties imposed on such taxes for the tax year of 1934, shall be abated by the council of such city or by the board of public educa-

tion of such school district, as the case may be, if the following provisions are complied with: (a) That all of the said delinquent taxes are paid in four equal semi-annual instalments beginning August first, 1935, and that (b) The respective current taxes for the years during such instalment period, shall be paid before they become delinquent."

Section two provides that in case the taxpayer shall default in the payment of any instalment of taxes, or in the payment of current taxes, as required in section one, the penalties and interest, or penalties, as the case may be, on the instalments of such delinquent taxes remaining shall not be abated, but shall remain due and payable as provided by existing law; and that the taxpayer may, at any time during the instalment period, pay the entire amount of or the balance due on delinquent taxes, whereupon penalties, interest and all costs on delinquent taxes for the year 1933 and prior years and penalties and all costs on delinquent taxes for the year 1934 shall be abated, and all liens filed for delinquent taxes satisfied of record: Provided, however, taxes for the then current year and all prior years are paid.

The point involved is, what is meant by the term 'delinquent taxes' as used in the act?

The laws relating to taxes in Philadelphia—the only city and school district of the first class—differ in some respects from those affecting the rest of the State. It is not necessary to catalogue these differences or do more than refer to the salient features of the tax system in force in Philadelphia.

All taxes in Philadelphia are assessed and levied near the close of the year for the year following. The period for which they are due commences on the first day of January following their assessment, but, by the Act of July 21, 1913, P. L. 863, the books of the receiver of taxes are not opened until January 25, and actual pay-

ment commences at that time. The same act provides that the receiver of taxes shall close his books on the thirty-first day of December, and immediately thereafter, he shall proceed to register all delinquent taxes and shall annually on the 25th day of January place the said register in the hands of the collector of delinquent taxes. The Act of April 9, 1861, P. L. 268 [1] directed the receiver of taxes to appoint collectors of the taxes due from delinquent taxpayers and fixed the commissions and charges to be paid the collectors by such delinquent taxpayers and the fees to be paid in case of distress and sale for delinquent taxes. Eight days later the same legislature passed the Act of April 17, 1861, P. L. 354, which provided for certain percentage allowances to be made taxpayers who paid their taxes in the year for which they were assessed, if paid before the first day of July, and for certain increasing percentage additions to the taxes, to be added to them and payable by the taxpayers, if paid after the first day of September, up to and including the first day of December of the current year. And the same statute empowered the councils of Philadelphia "to allow any other percentage for the payment of taxes, or add any other penalty for their non-payment during the current year." The distinction between 'delinquent' taxes and the penalties imposed on 'delinquent' taxpayers, on the one hand, and 'current' taxes and percentage additions to be added to them to discourage delay in their payment, on the other hand, was thus early recognized, and has been continued ever since.

It is not necessary to refer in detail to the various statutes relating to taxes in Philadelphia, and their collection. A number of them are listed in the margin [2]

---

[1] Repealed as to commission to be paid to and received by receiver of taxes, Act of January 9, 1867, P. L. 98.

[2] See, inter alia, Acts of February 3, 1824, 8 Sm. L. 189, 190, 191; May 13, 1856, P. L. 567, sec. 8; May 13, 1857, P. L. 489;

—some of which have been repealed; some are still in force. But from them the system or plan of taxation in vogue may be stated as follows: Taxes are not delinquent in Philadelphia until after the end of the year for which they were levied; taxes then unpaid are returned and registered as delinquent on or before January 15th, of the year following the year they were payable. Up until the time of their registry as delinquent taxes they may be paid as current taxes. But while they are current taxes—that is during the entire year following their assessment and levy—neither the city nor the school district [3] can force their collection by distress, levy or lien or do more than impose the additional percentages authorized by the Act of 1861, P. L. 354, to be added to the current taxes before they become delinquent. (Pusey's Estate, 299 Pa. 325, 329, 149 A. 479).

Section 13 of the Act of April 19, 1883, P. L. 9, provides "That there shall be imposed and collected, upon all taxes registered as delinquent, in accordance with the provisions of this act, the following penalties, to wit: On the first day of February succeeding the registry of any tax as delinquent, a penalty of one per centum; and on the first day of each succeeding month of that year, up to and including the first day of August, an additional penalty of one per centum for each month, together with lawful interest from the thirtieth day of December, of the year for which the said taxes were

---

April 9, 1861, P. L. 268; April 17, 1861, P. L. 354; March 21, 1862, P. L. 152; January 9, 1867, P. L. 98; March 24, 1870, P. L. 544; May 23, 1874, P. L. 230, sec. 5, p. 232; April 16, 1879, P. L. 24; February 14, 1881, P. L. 3; April 19, 1883, P. L. 9, (No. 10); July 21, 1913, P. L. 863.

[3] By section 527 of the School Code of 1911, P. L. 309, school taxes in districts of the first class are to be collected "at the same time, in the same manner, and with like authority, and subject to the same discounts and penalties" as city taxes.

assessed; said penalties and costs to be paid by the delinquent taxpayer, and to be added on the amount of all such taxes, whether collected upon notice, or by levy, suit, lien or in the distribution of the proceeds of sheriffs' or other judicial sales." These penalties are admittedly abated by the Act of May 16, 1935, supra, and its amendment of June 21, 1935, supra. They are imposed on 'delinquent' taxes, as that term is technically used, in contradistinction to 'current' taxes, which do not become delinquent until they are registered as such, on or about January 15 of the year following that for which they were levied and in which they are payable.

Pursuant to the authority given by the Act of April 17, 1861, P. L. 354, City Council, in order to encourage prompt payment of current taxes and discourage delay in their payment, passed an ordinance approved December 14, 1933 (Ordinance Book, p. 456) which provides that additional percentages shall be imposed on current taxes if payment is delayed beyond June 30 of that year, to wit, if paid in July, one per cent; if paid in August, two per cent; if paid in September, three per cent; in October, four per cent; in November, five per cent; in December, six per cent; "and upon all taxes remaining unpaid on and after the first day of January, there shall be an addition or penalty of seven per cent and the cost of advertising added to and made payable on the same". They have no reference to 'delinquent' taxes, but are additional percentages added to 'current' taxes, before they have become 'delinquent' and been registered as such.

Appellant contends that the Act of 1935, supra, applies to these added percentages on current taxes and abates them also, but we are led to a different conclusion. Reading the Acts of 1935 in connection with the prior Act abating penalties on delinquent taxes in Philadelphia (Act of December 7, 1933, Sp. Sess., P. L. 56)

and comparing them with the different language used in the Act of June 22, 1935, P. L. 444, abating certain tax penalties and interest on county, city, borough, township and school district taxes—except taxes in cities and school districts of the first class—we are satisfied that in the acts now under consideration the term, 'delinquent taxes', is used in the sense technically applied to it for many years, and is distinct from 'unpaid current taxes', and that the provision in the statute abating penalties and interest on delinquent taxes should not be enlarged or extended so as to apply also to the additional percentages—called in the ordinance, addition or penalty,[4]—added to the current taxes, if not paid by June 30 of the year in which they were payable, and before they became delinquent and were registered as such. The Act of 1935 is not a statute imposing a tax. It is a statute exempting the delinquent taxpayer, under certain conditions, from the penalties imposed on him by statute, or by authority of statute, for his default in payment of taxes. We said in Philadelphia's Appeal, 117 Pa. Superior Ct. 132, 138, 177 A. 700, "It is unquestionably the law that 'tax laws are to be construed most strictly against the government and most favorably to the taxpayer, and a citizen cannot be subjected to a special burden without clear warrant of law': Husband's Est., 316 Pa. 361, 369, 175 A. 503. But it is equally well settled that where taxes, including interest and penalties, are clearly imposed by law, he, who would claim an exemption or relief from them when so legally imposed, must point to clear and unmistakable warrant of law to support his claim; he is entitled to no special privilege over other taxpayers which is not clearly and definitely established by law."

The Act of 1935 does not purport to abate all pen-

---

[4] See Hamilton v. Lawrence, 109 Pa. Superior Ct. 344, 347, 348, 167 A. 509.

alties *included in* delinquent city or school taxes, but only those *imposed on* delinquent city or school taxes, and in the light of the acts of assembly relating to the subject and the history of the same we must hold that it refers to penalties imposed on taxes which became delinquent, by being registered as such, because not paid by January 15,[5] following the year in which they were payable, and not to additions, even though also called penalties, which were imposed by authority of law on current taxes before they became delinquent, in an attempt to encourage promptness and discourage delay in their payment.

We think a reading of section 1(b) of the Act now under consideration clinches this view. For under it the taxpayer's privilege of having the penalties, etc., on his delinquent taxes abated, is subject to the condition that "The respective current taxes, for the years during such instalment period, shall be paid before they become delinquent." If the appellant's contention should prevail—that the additions imposed by the ordinance on taxes during the current year, as a discouragement to delay, are penalties on delinquent taxes —then the taxpayer would lose the benefits of the Act unless he paid his current taxes in full by June 30, for beginning July 1, and until the end of the year, increasing percentages are added to the tax as assessed. Clearly the word 'delinquent' as used in section 1(b), means 'delinquent' in the technical sense, that the taxes were not paid during the current year following their assessment and thereafter were registered as delinquent. The taxpayer is entitled to the privileges of the Act, including the abatement of the penalties, etc. on delinquent taxes and the right to pay his delinquent taxes in instalments, provided he pays his current taxes during the year for which they were assessed and before

---

[5] See Act of May 23, 1874, P. L. 230, sec. 5, p. 232; Act of April 19, 1883, No. 10, P. L. 9, sec. 2, p. 9.

they were returned and registered as delinquent. The term 'delinquent' was not used by the legislature in two different senses in the same section.

As the delinquent taxpayer has the whole of the year to pay his current taxes, without forfeiting his right to abate the penalties on his delinquent taxes, so penalties imposed on delinquent taxes must be construed to mean penalties imposed by law on taxes which are delinquent in the sense that they were not paid during the year they were payable and in consequence, were returned and registered as delinquent—and the Act has no application to additional percentages added to current taxes, before they became delinquent, in order to encourage promptness and discourage delay in their payment.

Accordingly, the judgment of the court below was affirmed.