Pennsylvania Company for Insurances on Lives and Granting Annuities, Appellant, v. Barker et al.

Argued October 23, 1936. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

George F. Baer Appel, with him Walter M. Burkhardt and Townsend, Elliott & Munson, for appellant.

*Robert von Moschzisker,* Solicitor for School District of Philadelphia, with him *J. J. Elcock,* Assistant City Solicitor, and *Joseph Sharfsin,* City Solicitor, for appellees.

OPINION BY KELLER, P. J., January 29, 1937:

This appeal has to do with the distribution of the proceeds of sale of real estate in Philadelphia, sold by the Sheriff of Philadelphia County under a writ of levari facias issuing out of the Court of Common Pleas No. 1 of that county. The question is, whether the City and School District of Philadelphia are entitled, out of the proceeds, to the interest and penalties which accrued on the taxes for 1931 on the real estate sold in execution.

The law, as respects the levy and collection of taxes in the City of Philadelphia and the imposition of interest and penalties on taxes not paid within a certain period or periods, is summarized, as far as is necessary for this case, in *Pennsylvania Company, Trustee, v. Zussman,* 122 Pa. Superior Ct. 325, 186 A. 378. Taxes in Philadelphia are assessed and levied just prior to the tax year and become due and owing, for the entire year, on the first day of January of the tax year. To encourage prompt payment and discourage delay, certain increasing percentages are imposed on and added to the taxes if paid after June 30 of the tax year, and a further penalty and interest is added, if the taxes are not paid by January 15 of the year following, when they are registered as 'delinquent'; and such additions, penalties and interest become part of the taxes and are collectible as such (*Hamilton v. Lawrence,* 109 Pa. Superior Ct. 344, 347, 348, 167 A. 509; *Philadelphia's Appeal,* 117 Pa. Superior Ct. 132, 177 A. 700; *Appeal of City of Titusville,* 108 Pa. 600, 603). And by the Act of May 16, 1923,

P. L. 207,[1] it is provided, inter alia: "all taxes which may hereafter be lawfully imposed or assessed on any property in this Commonwealth ...... shall be and they are hereby declared to be a first lien on said property, *together with all charges, expenses, and fees added thereto for failure to pay promptly;* and such liens shall have priority to and be fully paid and satisfied out of the proceeds of any judicial sale of said property, before any other obligation, judgment, claim, lien or estate with which the said property may become charged ......" (italics supplied). The appellant does not dispute these propositions, and admits that the city and school district would be entitled to the payment of interest and penalties on the 1931 taxes, as preferred claims, were it not for the following matters, which it contends take this case out of the usual and ordinary rule: On January 2, 1931, after the taxes for 1931 had become a lien on the land in the possession of the registered owner, a receiver was appointed by the District Court of the United States for the Eastern District of Pennsylvania of the Chancellor Company, the real and registered owner of the above real estate. This real estate was subject to a mortgage, securing an issue of bonds, in the principal amount of $1,400,000. Appellant was the trustee under said mortgage for the bondholders. The receiver, by virtue of his appointment, took possession of the building, encumbered by said mortgage and taxes. On February 17, 1933, the receiver, by authority of the federal court, paid the taxes for 1931, but did not pay the interest and penalties imposed by law and ordinance for failure to pay before that date. The order of the court authorizing payment of the taxes reads in part, as follows: "We will ...... grant leave to the Receiver to pay the 1931 taxes ...... The Court was in possession and received

---

[1] See also Acts of February 3, 1824, 8 Sm. 189; April 21, 1858, P. L. 385, sec. 2; April 17, 1861, P. L. 354; April 19, 1883, P. L. 9.

the benefit of the use of the property for the tax year and hence should pay the taxes so far as the moneys thus received will warrant. We make no order for the payment of interest or penalties, and express no opinion respecting either."

The District Court of the United States, being satisfied that the mortgage on the real estate exceeded its reasonable market value and that no equity remained for the general creditors to be protected by the receiver, authorized the trustee under the mortgage to foreclose the mortgage, which it did by scire facias proceedings in the state court (Common Pleas No. 1, Philadelphia County), resulting in the sale under writ of levari facias aforesaid.

Appellant asserts that the Circuit Court of Appeals for the Third Circuit—which includes the Eastern District of Pennsylvania,— has ruled, in *McCormick v. Puritan Coal Mining Co.*, 41 Fed. (2) 213,—and that said ruling is binding on the District Court for the Eastern District of Pennsylvania —, that after property of an insolvent corporation has passed into the hands of receivers appointed by the District Court, interest or penalties for the non-payment of taxes are not allowable on claims against the funds in the hands of the receivers; and seeks to apply this ruling to the distribution of funds raised by execution and sale of the insolvent corporation's property under process issuing out of a state court, and in the hands of the officer of the state court, which funds never came into the possession or control of the receiver appointed by the federal court.

The appellees contend that the decision of the Circuit Court of Appeals for the Third Circuit relied on by appellant is opposed to the weight of authority in the federal courts and not in harmony with recent decisions of the Supreme Court of the United States, and there is much support for this contention in the

decisions,[2] but we think that question is not controlling or even important in the circumstances here present.

The District Court of the United States did not authorize or approve this sheriff's sale. It had no power to do either. All it did was to relinquish its control over the subject matter, so that the trustee was at liberty to foreclose the mortgage. This the latter did by proceedings in the state court. The fund was raised by process issuing out of the state court, upon a sale by the sheriff of Philadelphia County, an officer of the state court. It is distributable by the state court in accordance with the laws of this Commonwealth. Whether the decision in *McCormick v. Puritan Coal Mining Co.*, supra, correctly states the law as respects the distribution of funds *in the hands of a federal receiver*, pursuant to the orders of a federal court, or not, it is contrary to the well established law of this State, and cannot be applied to the distribution by a state court of funds raised by state process, merely because a receiver was appointed of the defendant corporation by a federal court, where that court has relinquished control of the property by permitting the mortgage creditor to foreclose its mortgage. The latest pronouncement of the Supreme Court of the United States, in *Pufahl, Receiver v. Parks' Estate*, 299 U. S. 217, recognizes that in a state court, proceedings even when brought by a federal receiver of a national bank, are, in the absence of Congressional declaration to the contrary, governed by the common and statutory law of the State.

---

[2] See *First National Bank v. Ewing*, 103 Fed. 168, 188, 191 (C.C.A. 5th Circ.); *McFarland v. Hurley*, 286 Fed. 365 (C.C.A. 5th Circ.); *Bright v. Arkansas*, 249 Fed. 950 (C.C.A. 8th Circ.); *People v. Hopkins*, 18 Fed. (2d) 731, 733, (C.C.A. 2d Circ.); *Commrs. v. Bernardin*, 74 Fed. (2d) 809, 814, 815 (C.C.A. 10th Circ.); *Michigan v. Michigan Trust Co.*, 286 U. S. 334, 344, 345; *American Iron & Steel Co. v. Seaboard Air Line*, 233 U. S. 261, 267.

We are, therefore, of opinion that the learned President Judge of the court below correctly ruled that the funds impounded in the custody of the sheriff were distributable to the City and School District of Philadelphia.

The orders are severally affirmed.