## In re All Wyoming Building and Loan Association. No. 1

*Herbert P. Sundheim*, for accountant.

*Murdoch, Paxson, Kalish & Green*, for exceptant.

MacNeille, J., April 1, 1938.—Claims were duly filed with the receiver by the Germantown Trust Company, trustee of the General Trust Fund of Mortgages, for taxes

on premises 4921 and 4927 N. Gransback Street, Philadelphia, for the year 1934, in the sum of $100.13 for each property, which were disallowed in the account filed by the receiver, and exceptions to the disallowance are now before the court for disposition.

The All Wyoming Building & Loan Association became the owner of the properties aforesaid, by foreclosure on February 14, 1933, and claimant held first mortgages on both properties on which it instituted foreclosure proceedings. The sheriff's sale took place on January 2, 1934, so that the All Wyoming Building & Loan Association held title to the aforementioned properties from February 14, 1933, until January 2, 1934.

Since the building and loan association was the registered owner of the premises aforesaid on January 1, 1934, it is apparent that it became liable for taxes for the whole year 1934. It is admitted that the taxes for the year 1934 for each property were $100.13, so that it is apparent that claimant is entitled to reimbursement for this amount, as it is admitted that claimant was compelled to pay the 1934 taxes on these properties after it took title to them.

The taxes in Philadelphia accrue on the first of January of each year. This has been decided in a number of cases and we are bound by these decisions.

It has been so held in the cases of Pennsylvania Co., etc., v. Zussman et al., 122 Pa. Superior Ct. 325; Provident Trust Co. v. Judicial B. & L. Assn. et al., 112 Pa. Superior Ct. 352, and Integrity Trust Co. v. St. Rita B. & L. Assn., 112 Pa. Superior Ct. 343.

However, the first mortgagee was in possession of the properties from October of 1933, and collected rents in the sum of $70.26 to which the building and loan association is entitled to a credit, leaving a balance of $130 properly due this claimant.

For the reasons indicated, the exceptions of claimant are sustained and its claim is allowed in the sum of $130.