**BALTIMORE TRUST CO. v. INTER-OCEAN OIL CO.**

**No. 2055.**

District Court, D. Maryland.
Dec. 15, 1939.

G. Ridgely Sappington, D. Heyward Hamilton, Jr., and J. Cookman Boyd, Jr., all of Baltimore, Md., for receiver of Interocean Oil Co.

Chas. C. G. Evans, City Sol., Lawrence B. Fenneman, Deputy City Solicitor, and Michael J. Hankin, Asst. City Sol., all of Baltimore, Md., for City of Baltimore.

CHESNUT, District Judge.

In this case the point now presented for determination is whether the City Collector of Baltimore is entitled to a preferred claim for interest and penalties on delinquent state and city taxes on the real estate of the Interocean Oil Company which have accumulated during the receivership.

The receiver was appointed in 1932 on a bill filed by the trustee of a bond mortgage to foreclose the mortgage and sell the property and pending sale for the appointment of a receiver. The property subject to the taxes consists of about 100 acres of land on the Baltimore waterfront. It has been used for storage of oil and similar products and during the receivership from time to time the receiver has leased storage space in tanks to various lessees for certain rentals, the conditions of the leases imposing certain supervisory or incidental services to be performed by the receiver for the lessees. During the more than 7 years of the receivership the gross receipts have been approximately equivalent only to the expenses of operating and maintaining the property, without deduction for taxes which have accumulated during the receivership in the amount of nearly $100,000. Some part of the taxes have been paid principally from capital assets. The assessment on the property is now about $320,000 and has been higher during the larger part of the receivership. After repeated efforts to make a sale of the property by public or private sale, it was offered at public sale about six months ago and the highest bid was $100,000. Exceptions were filed to this sale on the ground of inadequacy of price and as the result of a hearing on these exceptions, increased bids were made and the property finally ordered to be sold for $230,000. An appeal has been taken by the bidder of $100,000 and is now pending. The outstanding bonds secured by a mortgage made prior to the receivership are $1,850,000.

The City Collector makes a preferred claim for taxes due in 1935, 1936 and 1937 amounting to the principal sum of $25,905.16, and also asserts a preferred claim for interest and penalties on unpaid taxes from 1932 to 1937 inclusive, amounting to the sum of $18,473.30, as of November 1939. There is no dispute as to the claim of the City Collector for the principal amount of state and city taxes, to wit, $25,905.16; but the receiver and counsel for the bondholders dispute the claim as to interest and penalties as to both city and state taxes, to the extent that they are asserted as a preferred claim. The item on the account now rendered for penalty on state taxes is small in the aggregate, being about $200 only. The claim for this latter amount is not now pressed by the City Solicitor. If the preference for interest and penalties on city taxes and interest on state taxes is allowed, it will take precedence over distribution to bondholders whose dividend will at best be comparatively small. The interest is at the rate of 6% per annum and the penalties on the city taxes adds about 1% more per annum to the total claim.

It is conceded by counsel for the receiver and bondholders that the interest and penalties in dispute must be allowed as a preferred claim if they constitute a *lien* upon the real estate. After considering the arguments and briefs of counsel and the applicable law, I have reached the conclusion that the interest and penalties are a lien upon the land. Section 69 of Article 81 of the Maryland Code, 1935 supplement, provides that "all State, county and city taxes on real estate shall be liens on the real estate in respect of which they are levied from the date they become payable;". Section 48(a) of the same Article of the Code, 1935 supplement, provides "all ordinary county and/or city taxes levied upon assessments made by the county commissioners or by the assessing authority of any city shall be due and payable at the times and in the manner and subject to the same discounts, interest and penalties, as now prescribed by local law or ordinance." Section 48(b)

further provides that "all such State taxes not paid before the first day of October in such year shall thereafter carry interest at the rate of one-half of 1 per cent. for each month or portion of a month until paid." Section 51 of the Baltimore *City* Charter (1938 Ed.) (a local law of the State of Maryland) provides that "taxes on all forms of property after they become in arrears as aforesaid shall bear interest at the rate of six per centum per annum." As to *penalties* on delinquent taxes, Section 70 of the Baltimore City Charter (1938 Ed.) provides that 1 per centum per annum after the tax has become in arrears shall be added as a penalty and collected in the same manner as the bill itself. The effect of these several statutes in my opinion makes the interest and penalty *a part of the whole tax*, which, by section 69 of Article 81 of the Code, is made a lien on the property. As this view is determinative of the question submitted it is perhaps unnecessary to pursue the subject further, but other considerations supporting the conclusion may be briefly referred to.

While decided cases may be found in which interest or penalties or both have not been allowed as a preferred claim in receivership cases under particular legislation (for illustration see McCormick v. Puritan Coal Mining Co., 3 Cir., 41 F.2d 213), there are numerous cases to the contrary. See State of California v. Hisey, 9 Cir., 84 F.2d 802; Northern Finance Corp. v. Byrnes, 8 Cir., 5 F.2d 11; Bright v. State of Arkansas, 8 Cir., 249 F. 953; Spencer v. Babylon R. Co., 2 Cir., 250 F. 24; McFarland v. Hurley, 5 Cir., 286 F. 365; First Nat. Bank v. Ewing, 5 Cir. 103 F. 168; Board of Commissioners v. Bernardin, 10 Cir., 74 F.2d 809; Munkwitz Realty & Inv. Co. v. Diederich, Schaefer Co., Wis., 286 N.W. 30; Pennsylvania Co. v. Barker, 124 Pa. Super. 557, 190 A. 193. Of course the decisions in particular cases must be based on local legislation and therefore the actual result in any particular case is not necessarily decisive of the question arising under different legislation of another state. It seems to me reasonably clear that it is the settled policy of the State of Maryland to constitute taxes a preferred claim in distribution in insolvency cases, and on distribution of proceeds resulting from a judicial sale. See section 142(b), Article 81 of the Maryland Code,

1935 Supp.; section 224 of the Baltimore City Charter (1938 Ed.), and Thompson v. Henderson, 155 Md. 665, 671, 142 A. 525, 58 A.L.R. 1213; Blakistone v. State, 117 Md. 237, 83 A. 151. Cf. In re Wells, D.C.Md., 4 F.Supp. 329, a bankruptcy and not an equity receivership case, decided in 1933.

It has been the long and consistent practice in Baltimore City to act on the understanding that interest and penalties on city taxes are a lien upon the property. Settlements between vendor and vendee of real estate have for a long period of time been made on this basis with respect to adjustment of taxes, including interest and penalties. And this general understanding of the law is illustrated by what has previously transpired in this case. In 1935 the City Collector filed a petition asking for the payment of then unpaid taxes, penalties and interest, and in lieu thereof for permission to sell the property therefor. This was answered and opposed by counsel for the receiver on the ground that it "would result in an irreparable injury and damage to the creditors of the estate;" and that "as interest and penalties are running on said taxes, the City of Baltimore will suffer no real loss by awaiting sale of the property for the payment of said taxes."

The Act of Congress of June 18, 1934, 48 Stat. 993, 28 U.S.C.A. § 124a, provided "Any receiver, liquidator, referee, trustee, or other officers or agents appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business, shall, from and after June 18, 1934, be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation". This statute seems to me to be broad enough to be applicable here, although counsel for the receiver and bondholders contends that it should be limited in its effect to taxes on the *operation* of the business and does not properly include taxes on real estate which may be used in the business. It is said that most of the cases construing and applying the statute have dealt with taxes on the business proper, such as franchise or privilege taxes; but in at least two cases—In re Preble Corp., D.C., 15 F.Supp. 775 and Board of Directors of St. Francis Levee Dist. v. Kurn, 8 Cir., 98 F.2d 394—it was apparently assumed that the

statute applied to property taxes as well as privilege and franchise taxes. See also Michigan, by Haggerty v. Michigan Trust Co., 286 U.S. 334, 52 S.Ct. 512, 76 L.Ed. 1136; Henderson County v. Wilkins, 4 Cir., 43 F.2d 670. In a recent case decided November 6, 1939, Boteler, Trustee v. Ingels, 60 S.Ct. 29, 84 L.Ed. ——, the Supreme Court treated the statute as applicable to bankruptcy administration and required the trustee of the bankrupt to pay penalties imposed by state statute for non-payment of automobile license fees, where they accrued during the operation for purpose of liquidation of the business of the bankrupt's estate.

I conclude therefore that the disputed interest on state and city taxes, and penalties on city taxes, are entitled to be treated in this case as preferred claims payable ahead of dividends to bondholders. It is understood that the exact amount of the taxes, interest and penalties payable is to be hereafter subject to proper audit. Counsel can in due course prepare and submit the appropriate order.