## Land Title Bank and Trust Company, Appellant, *v*. Marshall.

Argued October 1, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Stanley Folz,* of *Sundheim, Folz, Kamsler & Goodis,* for appellant.

*Michael D. Hayes,* Assistant City Solicitor, with him *Robert McCay Green,* City Solicitor, and *Robert T. McCracken,* for appellee.

OPINION BY MR. JUSTICE LINN, October 15, 1943:

This appeal involves the construction of the delinquent tax abatement Act of May 21, 1943, P. L. 323. The controlling principle is that "Tax abatement acts are, like tax exemptions, to be strictly construed, and the taxpayer who seeks an abatement 'must point to clear and unmistakable warrant to support his claim' ": *Fidelity Trust Co. v. Kirk,* 344 Pa. 455, 459, 25 A. 2d 825.

The appellant applied to the Receiver of Taxes of Philadelphia for ". . . a statement of delinquent taxes owing on the Majestic Hotel to the City of Philadelphia and the School District, showing the face amount, penalties, and interest, and other costs and charges in detail against that property as shown by the records in your custody, . . ." The Receiver furnished a statement[1]

---

[1] Section 5 of the Act requires the Receiver to furnish "a statement of the delinquent taxes owed by him . . . showing the face amount, the penalty if any, the interest if any, and any costs or other charges in detail against such real property as shown by the records in his custody."

for the years 1932 to 1941, inclusive, showing first, "City Tax Registered"; second, "School Tax Registered"; third, "Lien" costs. The total was $133,175.27. The appellant replied that the statement was not in accord with its interpretation of the statute and objected that the registered taxes specified in the statement included penalties authorized by city ordinance that had been added to the taxes before they were registered as delinquent, and that appellant was entitled to a statement of the tax assessed for each year without addition of the penalties imposed by ordinance. The appellant then brought this mandamus proceeding to require the Receiver to comply with its request. The alternative writ issued and the Receiver moved to dismiss on the ground that the petition did not state a cause of action but, on the contrary, showed that defendant had complied with the Act. The motion was granted and this appeal followed.

Tax abatement acts were passed at each session of the legislature since 1933; some applied to the entire state; some applied only to the city and school districts of the first class, and some to the rest of the state. Philadelphia is the only city of the first class and the school districts of Philadelphia and Pittsburgh are the only school districts of the first class. The Act of 1943 applies throughout the state. We must, therefore, ascertain from its provisions what the legislature intended to be its application in Philadelphia, having in mind, as the legislature had, the existing tax legislation governing that city which it was desired to supplement by this Act.

Toward the close of a year, council must levy a tax at a specified rate for the next calendar year.[2] A taxpayer has the whole of that calendar year in which he may pay the tax. By ordinance of council,[3] he may earn certain discounts by paying during the early months of the year;

[2] Act of June 25, 1919, P. L. 581, 605, et seq., 53 PS section 3273.

[3] Authorized by the Act of April 17, 1861, P. L. 354, section 1, 53 PS section 4871.

or, he may elect to pay after June 30th by increasing [4] his tax at the rate of one percent for each of the remaining months during which he withholds payment before the tax is registered as delinquent. The Receiver is directed to close his books December 31st [5] and to ". . . proceed to register all delinquent taxes and [he] shall annually, on the twenty-fifth day of January, place the said register in the hands of the collector of delinquent taxes." Delinquent taxes are also collected by the Receiver.[6] When so registered, the tax is regarded as delinquent and then becomes subject to the penalties and interest authorized by Section 13 of the Act of April 19, 1883,[7] P. L. 9, No. 10, which provides that "There shall be imposed and collected upon all taxes registered as delinquent, in accordance with the provisions of this act, the following penalties, to wit: On the first day of February succeeding the registry of any tax as delinquent, a penalty of one per centum; and on the first day of each succeeding month of that year, up to and including the first day of August, an additional penalty of one per centum for each month together with lawful interest from the thirtieth day of December, of the year for which the said taxes were assessed; said penalties and costs to be paid by the delinquent taxpayer, and to be added on the amount of all such taxes, whether collected upon notice, or by levy, suit, lien or in the distribution of the proceeds of sheriff's or other judicial sales."

In *Pennsylvania Co. v. Zussman,* 122 Pa. Superior Ct. 325, 329, 186 A. 378, 380, the court dealt with the meaning of the term delinquent taxes, in the legislation applying to Philadelphia, in considering the tax abatement Act of May 16, 1935, P. L. 166, which applied only

---

[4] The ordinance provides: ". . . if paid during the month of July an addition or penalty of one per cent. shall be imposed; if paid during the month of August an addition or penalty of two per cent. shall be imposed; . . ." etc.

[5] Act of July 21, 1913, P. L. 863, section 1, as amended by the Act of May 1, 1939, P. L. 38, section 1, 53 PS section 4874.

[6] Section 2, Act of April 19, 1883, P. L. 9, No. 10, 53 PS section 4916.

[7] Parts of this Act were repealed by subsequent legislation.

to cities and school districts of the first class. President Judge KELLER said: "Taxes are not delinquent in Philadelphia until after the end of the year for which they were levied; taxes then unpaid are returned and registered as delinquent on or before January 15th, of the year following the year they were payable. . . . But while they are current taxes—that is during the entire year following their assessment and levy—neither the city nor the school district can force their collection by distress, levy, or lien or do more than impose the additional percentages authorized by the Act of 1861, P. L. 354, to be added to the current taxes before they become delinquent. (*Pusey's Estate,* 299 Pa. 325, 329, 149 A. 479)."

When, therefore, the Receiver of Taxes furnished appellant with the statement showing the registered taxes for the years in question, he was in effect certifying that the taxes had not been paid during the years when they were payable as current taxes, and that the ordinance addition or penalty of 1 percent a month had been added and had become part of the current taxes which he was required by the Act of 1883 to register as delinquent in January. If there were no statute providing for abatement, and appellant desired to pay the delinquent taxes, it would be required to pay the amount of the registered tax plus 7 percent and 6 percent interest from December 30th of the year for which they were assessed. The Act is clear (and the receiver does not contend otherwise) that appellant is entitled to abatement from those delinquent tax penalties and interest on complying with the conditions specified.

Does the Act of 1943 clearly show that appellant is entitled to the abatement of the addition or penalty imposed by the ordinance and included in the current tax?

Section 1 provides: "All penalties and interest imposed on unpaid delinquent . . . taxes, for the tax year 1942 and all previous years, assessed and levied against any . . . real estate, are hereby abated, if the unpaid delinquent taxes are paid as hereinafter provided . . . In

order to receive the benefits of the installment system of payment provided by this act, twenty per centum or more of the unpaid delinquent taxes due for the year 1942 and for all previous years shall be paid on or before the first day of November, 1943 . . . [and 20% each year thereafter until paid] . . . Provided, That the taxes . . . levied for the year 1943 together with any interest [8] and penalties due thereon, shall be paid on or before the first day of November, 1943 : And provided further, That the respective current taxes . . . levied by such taxing authorities for the years subsequent to the year 1943 during such installment periods shall be paid before they become delinquent. For the purposes of this act a tax shall be deemed to become delinquent on the date when a penalty attaches to the tax. If and whenever any of the said current taxes, or any of the said installments, are not paid when due and payable as herein provided, then and in that event the total amount of the abated penalties and interest shall be revived and added to the unpaid taxes with the same force and effect as if such abated penalties and interest or portion thereof had never been abated, and the taxpayer shall not thereafter be entitled to any further benefits or privileges under this act."

In the legislation governing taxation in Philadelphia, the word "penalty" is used with respect to two contingencies: (a) in the ordinance allowing a taxable to elect to pay his current taxes later than June 30th with additions or penalties; and (b) in section 13 of the Act of April 19, 1883, P. L. 9, No. 10, 53 PS section 4924, imposing penalties and interest on the tax registered as delinquent. Did the legislature use the word "penalty" in the Act of 1943 as referring to the penalty imposed by the city ordinance plus the penalty imposed on delin-

---

[8] In Philadelphia there is no interest on current taxes during the taxable year; interest runs from the end of the year for which the tax was assessed.

quent taxes by the Act of 1883? In using the words "unpaid delinquent taxes," the legislature knew that it had been decided that in Philadelphia taxes become delinquent on registration. It could of course change the definition by specifying another date when taxes should be considered delinquent for the purposes of the Act. The fact that the legislature abated both "penalties and interest" upon unpaid delinquent taxes, may indicate that it had in mind the Act of 1883 which imposes both penalties and interest and not the city ordinance because no interest on current taxes is provided for in Philadelphia during the taxable year. Additions or penalties imposed by the ordinance may be regarded as having become part of the current tax.[9]

Appellant's argument lifts out of its context the sentence "For the purposes of this act a tax shall be deemed to become delinquent on the date when a penalty attaches to the tax" and contends that it defines the words "delinquent taxes" in the second line of section 1, specifying what is abated. The argument then proceeds that the words "delinquent taxes" include all taxes to which a penalty *has been added* either by ordinance or by the Act of 1883. To reach that conclusion the words of the definition must be changed so that they read: For the purposes of this act a tax shall be deemed to *have become* delinquent on the date when a penalty *was attached* to the tax. We cannot make that change in the phraseology used by the legislature. It gives a retrospective operation

---

[9] In *Appeal of the City of Titusville*, 108 Pa. 600, 603, it was said, "The increase of the tax, thus authorized by the terms of the supplement, is in the nature of interest or damages rather than a penalty, in the strict sense of that word; but, whether it be regarded as damages, for deferred payment, or a penalty, . . . it is part of the tax which the delinquent taxpayer is required to pay, and to secure which the priority of lien is given." See also, *Harrisburg v. Guiles*, 192 Pa. 191, 201, 44 A. 48; *Penna Co., Trustee, v. Zussman*, 122 Pa. Superior Ct. 325, 329, 186 A. 378; *Hamilton v. Lawrence*, 109 Pa. Superior Ct. 344, 349, 167 A. 509; *Penna. Co. v. Barker*, 124 Pa. Superior Ct. 557, 559, 190 A. 193; *Philadelphia's Appeal*, 117 Pa. Superior Ct. 132, 141, 177 A. 700.

to the phrase "when a penalty attaches to the tax." The Receiver contends that the words were used prospectively to require the taxpayer, during the future five-year period, to pay his current taxes before a penalty attaches for delinquency thereafter occurring. He also contends that, as the Act required him to furnish a statement of all penalties and interest imposed *upon* unpaid delinquent taxes, the provision could not have been intended to apply to the ordinance penalties which had become part of the current tax, due at the time of registration as delinquent; that such penalties were not imposed *upon* delinquent taxes but were included *in* current taxes as registered; that the provision was intended to condition the immediately preceding privilege of paying the delinquent taxes in five annual installments. This condition is that "the respective current taxes . . . levied . . . for the years subsequent to the year 1943 during such installment periods shall be paid before they become delinquent"; or, stated in other words, the taxpayer may not allow current taxes to be registered as delinquent during any of the five years. The Receiver's interpretation gives full effect to the words of the sentence as relating to the time of paying the current tax during the five years, and fully accords with the context; in fact, without some explanation of the word "delinquent," as used at the end of the preceding sentence, the time of paying the current taxes during the specified period might have been regarded as uncertain. The provision in question completes or supplements the expression of the conditions prescribed in the immediately preceding sentences.

If the construction proposed on behalf of appellant finds any support in the Act, it demonstrates the ambiguity of the abatement provision and brings the appellant's claim within the rule that unless its right clearly appears, its contention must be rejected: *Fidelity Trust Co. v. Kirk*, 344 Pa. 455, 25 A. 2d 825.

The judgment is affirmed.