## Interest on Penalties

Coyne, Assistant Deputy Attorney General, June 8, 1942.—You have requested advice as to whether, in the settlement of tax accounts, interest must be charged upon penalties imposed for delinquency in filing tax and bonus reports, and if so, from what date and at what rate.

Obviously you are referring to those additional amounts provided for in section 1702 of The Fiscal Code of April 9, 1929, P. L. 343, as amended, 72 PS §1702, which reads as follows:

"If any corporation, association, exchange, or person, or the officer or officers of any corporation, association, or exchange, shall neglect or refuse to furnish to the Department of Revenue, within the time prescribed by law, or any extension thereof granted by the Department of Revenue, any bonus or tax report required by section seven hundred six, seven hundred seven, seven hundred eight, seven hundred ten, seven hundred thirteen, seven hundred fourteen, seven hundred sixteen, or seven hundred twenty, of this act, it shall be the duty of the Department of Revenue to add to the bonus or tax of such corporation, association, exchange, or person, for each and every tax period for which such report was not so furnished, the following percentages, which shall be collected with the bonus or tax in the usual manner of settling and collecting such bonus or tax:

"On the first one thousand dollars of bonus or tax, ten per centum; on the next four thousand dollars, five per centum; and on everything in excess of five thousand dollars, one per centum."

While these added percentages are commonly referred to as penalties, they are not so designated in section 1702, supra. To the contrary, section 1702 declares that "it shall be the duty of the Department of Revenue *to add* to the bonus or tax" a specified percentage for each tax period for which the required report has not been furnished. To this extent the added sum becomes a part of the tax itself with the same effect as if it had been originally assessed as part of the principal amount, and as such the so-called "penalty" must be accorded the same treatment with respect to collection and interest as is meted out to the principal amount of the tax.

This method of construing section 1702, supra, is well supported by opinions of our appellate courts. In Hamilton v. Lawrence, 109 Pa. Superior Ct. 344 (1933), the problem arose as to the construction to be placed upon that portion of section 7 of the Act of June 25, 1885, P. L. 187, which provided:

". . . and all persons, who shall fail to make payment of any taxes charged against them in said duplicate for six months after notice given as aforesaid, shall be charged five per cent. additional on the taxes charged against them, which shall be added thereto by said collector of taxes and collected by him."

In a well-considered opinion by Judge Keller in which the existing authorities were reviewed, the Superior Court expressed itself at pages 348 and 349 as follows:

"While it partakes of the nature of a penalty for delay in the payment of taxes, strictly speaking, it is declared to be an additional sum to be added by the collector to the taxes charged in the duplicate, and collected by him. It becomes a part of the tax, with the same effect as if it had been originally charged in the

duplicate, and carries the same incidents. The Supreme Court so decided in the Appeal of the City of Titusville, 108 Pa. 600, 603, where in construing a like provision in the Act of March 18, 1875, P. L. 15, relating to third class cities, and providing that 'an additional sum of five per centum shall be added to all the taxes . . . remaining unpaid' after a certain date, it said: 'The obvious meaning of the 5th section, above quoted, is that if the tax be not paid on or before September 1st, five per centum thereof shall be added to and become a part of the tax; and, if the tax thus increased be not paid on or before October 1st, a like amount shall be added thereto and form a part thereof, thus increasing the tax, as originally levied, one tenth. This provision was doubtless intended to secure prompt payment of taxes and at the same time save the expense of employing collectors. The same objects are sometimes accomplished by allowing a graduated abatement for prompt payment prior to certain dates, and thereafter adding a certain percentage for delinquency. The "taxes remaining unpaid," a detailed statement of which the treasurer is required to prepare and deliver to the city solicitor after the first of January, evidently means the tax originally levied, increased by the addition thereto of the ten per cent. The increase of the tax, thus authorized by the terms of the supplement, is in the nature of interest or damages rather than a penalty, in the strict sense of that word; but, whether it be regarded as damages, for deferred payment, or a penalty, it is very clear that each additional sum of five per cent, becomes a part of the tax which the delinquent taxpayer is required to pay, and to secure which the priority of lien is given.'

"And in Harrisburg v. Guiles, 192 Pa. 191, 201, which involved the amount for which the sureties on a tax collector's bond were liable, Judge McPherson of the Court of Common Pleas of Dauphin County, in an opinion which was approved by the Supreme Court (p. 206, referring to assignment of error 8), said: 'It is

to be noticed that sections 8 and 9 of the act of 1889 expressly make a collector prima facie liable for the amount of tax charged in the duplicate. This is the sum for which he becomes liable when he accepts the duplicate, and this is the obligation of the sureties on the bond. The word "tax," however, includes the penalty, which by force of the statutes becomes a part of the tax: Com. v. Scott, 7 Pa. C. C. R. 409; Titusville's Appeal, 108 Pa. 600.' It is true that Judge McPherson used the colloquial term 'penalty,' but the important part of his decision was that the additional five per cent *becomes part of the tax.*"

In addition the Superior Court considered the question whether or not interest could be charged upon the additional sum, and at page 350 of the opinion unhesitatingly declared:

"(2) We have no doubt that under both the Act of 1929 (Sec. 13) and the Act of 1931 (Sec. 16), as well as under prior legislation, interest was due and payable on delinquent taxes after the year in which they were assessed and levied. As the five per cent added for delay in payment became part of the taxes to be collected, we are of opinion that it likewise bears interest beginning the first day of January following its assessment and levy."

These authorities are conclusive in the present situation and, therefore, the additional amounts, or so-called "penalties" imposed by section 1702 are to be regarded, not as separate items, but as inseparable portions of the principal tax and the whole treated as such with relation to the charging of interest thereon and the procedure of collection.

With respect to the rate of interest to be charged and the date from which such interest is to be computed, section 806 of The Fiscal Code, supra, as amended, 72 PS §806, provides as follows:

"All tax and bonus due the Commonwealth, as provided by law, shall bear interest at the rate of six per

centum per annum from the date they are due and payable until sixty (60) days after settlement, and thereafter at the rate of twelve (12) per centum per annum until paid, except that any taxes or bonus due as a result of an appeal to the court of common pleas or any appellate court, shall bear interest at the rate of six (6) per centum per annum from the date such tax is due and payable until paid. The payment of interest, as aforesaid, shall not relieve any person, association, or corporation, from any of the penalties or commissions prescribed by law for neglect or refusal to furnish reports to the Department of Revenue, or to pay any claim due to the Commonwealth from such person, association, or corporation."

Since we have already determined that the amounts added by section 1702 become part of the taxes to be collected, we have no hesitation in declaring that such additional sums shall bear interest at the rate of six percent per annum from the date they are due and payable until 60 days after settlement, and, thereafter, at the rate of 12 percent per annum until paid.

The reasoning thus far advanced can be buttressed by considering the problem from another angle. You will observe that section 1702 provides that the additional amounts imposed for failure to file the required tax and bonus reports within the time limits prescribed by statute "shall be collected with the bonus or tax in the usual manner of settling and collecting such bonus or tax". The use of the word "with" indicates that the amounts added by section 1702 shall be taken together with the tax or bonus and the two sums collected as one through a uniform system of procedure. Thus, those provisions relating to the running of interest would apply to the additional amounts as well as to the principal amount of the tax or bonus.

In addition, the fact that those so-called "penalties" are, under section 1702, to be collected in the usual manner of settling and collecting bonus or tax leads us

to an examination of article VIII of The Fiscal Code, 72 PS §801 et seq., which furnishes the procedure for the settlement of taxes and bonus due the Commonwealth. As part of this procedure, provision is made in section 806, supra, for interest upon taxes and bonus due the Commonwealth. Since the penalties imposed for failure to file tax and bonus reports are to be collected in the same manner as accounts for taxes and bonus due the Commonwealth are settled and collected, and since the procedural legislation covering the settlement and collection of such taxes and bonus provides for the running of interest as set forth in section 806 it follows that section 806 applies also to those additional amounts which by the language of section 1702 are to be collected by settlement. Accordingly, we again reach the conclusion that such additional amounts shall bear interest at the rates and from the dates set forth in section 806.

This brings us to consideration of the problem of determining upon what date the so-called "penalties" imposed by section 1702 become due and payable. Section 1702 refers to those tax and bonus reports required by sections 706, 707, 708, 710, 713, 714, 716, and 720 of The Fiscal Code, 72 PS §§706, 707, 708, 710, 713, 714, 716, 720, and these latter sections specify what type of report is required to be filed and the date upon which it must be filed. Obviously a penalty is incurred and attaches as of the very moment the last day for filing such reports has elapsed without the taxpayer having filed the required report. From that moment forward the delinquent taxpayer is liable to the Commonwealth in the amount specified in section 1702.

You will observe that the amount to be added to the tax or bonus under section 1702 is not a sum certain, but consists of a percentage of the tax or bonus, and consequently the exact amount of the sum to be added to the tax or bonus cannot be determined until the amount of the tax or bonus itself is finally adjusted and settled. However, this fact will not prevent the run-

ning of interest upon the additional amount from the very first day upon which the required tax or bonus report becomes overdue. In Commonwealth v. Southern Pennsylvania Bus Co., 339 Pa. 521 (1940), the Supreme Court considered whether the Commonwealth might lawfully charge interest at the rate of six percent upon the amount of any tax deficiency discovered at settlement, for the period from the due date of the tax to the date of payment. At pages 530 and 531, the Supreme Court resolved the doubt in the following manner:

"We think it is clear that where the legislature has the power to levy a tax, it has the correlative power to impose interest charges upon delinquent payments as a means of enforcing prompt compliance with the law. See *Fox's Appeal*, supra; *Cooley on Taxation* (4th Ed.) Vol. III, p. 2535.

"Defendant contends, however, that as the taxpayer has no notice of the deficiency until it has been ascertained at settlement, the imposition of an interest charge for the period prior thereto constitutes a deprivation of property without due process of law. The error in this contention is that it assumes the deficiency is not due until it has been settled by the fiscal officers of the Commonwealth and the taxpayer has been notified thereof.

"The amending Acts of 1937 require that the taxpayer shall pay the amount of its capital stock tax *in full* at the time of filing the report. It cannot be assumed that its obligation is limited to the amount set forth in its return, subject to a possible enlargement at settlement. The purpose of the legislature to obtain immediate payment of the whole tax would be defeated if a corporation should thus be permitted to withhold, by error or design, any portion of the tax during the interval between assessment and settlement."

This language is equally controlling in the present instance with respect to those additional amounts im-

posed by section 1702 insofar as it may be contended that, since the amount of the so-called penalty cannot be determined until settlement is made, the date of the settlement constitutes the day upon which the penalty becomes due and payable. This is especially true in view of the fact that, under the decision in Hamilton v. Lawrence, supra, the additional amounts imposed by section 1702 are not regarded as penalties, but are looked upon as constituting a part of the tax or bonus itself.

The Fiscal Code is primarily a collection of legislative enactments creating certain agencies and providing methods for the collection of taxes and other accounts due the Commonwealth. As such it is wholly procedural in nature and all of its provisions are, therefore, in pari materia. Consequently, it is necessary that the provisions of The Fiscal Code be interpreted in such a manner as to effect a harmony and uniformity of procedure. Such a result has been achieved in the present instance with regard to the settlement of tax accounts. Once settlement of the tax account has been made, the rate of interest will be identical as to both the principal amount and the additional amounts imposed by section 1702. In addition, such interest can be computed upon both the principal and additional amounts beginning as of the same day, since the penalty for failure to file required tax or bonus reports is incurred at the very moment when the principal amount of the tax becomes overdue (see Act of April 9, 1929, P. L. 343, sec. 805, as amended, 72 PS §805(c)).

Accordingly you are advised that the Commonwealth shall, in the settlement of the tax accounts, collect interest upon penalties imposed for delinquency in filing tax and bonus reports, beginning from the moment the last day for filing such reports elapses at the rate of six percent per annum until 60 days after settlement, and thereafter at the rate of 12 percent per annum until paid.