**RECONSTRUCTION FINANCE CORPO-RATION and Federal Facilities Cor-poration, Appellants,**

v.

**The STATE OF TEXAS, Appellee.**

No. 15592.

United States Court of Appeals
Fifth Circuit.

Jan. 31, 1956.

Writ of Certiorari Denied
April 23, 1956.

See 76 S.Ct. 695.

Ben H. Rice, III, Houston, Tex., B. H. Fly, Field Counsel, R. F. C. and F. F. C., Dallas, Tex., C. E. Bryson, Houston, Tex., Vinson, Elkins, Weems & Searls, Houston, Tex., for appellants.

L. P. Lollar, Asst. Atty. Gen. of Texas, Frank M. Adams, First Asst. Crim. Dist. Atty., Jefferson County, Tex., Beaumont, Tex., Ramie H. Griffin, Dist. Atty., Jefferson County, Tex., Beaumont, Tex., John Ben Shepperd, Atty. Gen. of Texas, W. V. Geppert, Asst. Atty. Gen. of Texas, for appellee.

Before BORAH and JONES, Circuit Judges, and BENJAMIN C., DAWKINS, Sr., District Judge.

BORAH, Circuit Judge.

This action was brought by the State of Texas in behalf of itself and Jefferson County, Texas, and for the use and benefit of all political subdivisions whose taxes are collected by the Assessor and

Collector of taxes for Jefferson County, against Reconstruction Finance Corporation and Federal Facilities Corporation to recover alleged delinquent and unpaid ad valorem taxes for the year 1953 on certain property described in the complaint in the amount of $233,750.00 together with penalties and interest thereon.

The case was tried to the District Court upon an agreed statement of facts which set forth in substance the following: It was stipulated that ad valorem taxes for the year 1953 in the amount of $233,750.00 were legally levied and assessed against the real property owned by Reconstruction Finance Corporation in Jefferson County, Texas and that said taxes in the above amount became delinquent on February 1, 1954; that on or about May 1, 1954 Reconstruction Finance Corporation duly and properly tendered to plaintiff the net amount of ad valorem taxes due, but such tender was refused by the plaintiff by reason of its claim that penalties and interest had then accrued under Article 7336 of the Revised Civil Statutes of Texas, 1925, as amended, Vernon's Ann.Civ.St. art. 7336, and Reconstruction Finance Corporation did not at such time nor subsequent thereto tender the penalties and interest provided under said statute; that by Executive Order of the President of the United States, No. 10539, dated June 22, 1954, 15 U.S.C.A. § 603 note, Federal Facilities Corporation was organized and the functions of Reconstruction Finance Corporation, relating to the Synthetic Rubber Program, including claims arising from such program, were transferred to Federal Facilities Corporation, effective at the close of business June 30, 1954. This Order included the claim involved herein; that thereafter, subsequent to the filing of this action "Reconstruction Finance Corporation and/or Federal Facilities Corporation" tendered the sum of $233,750.00 into the registry of the Court in payment of the net amount of the taxes due, but refused to tender or pay the interest and penalties claimed to be due. It was further

stipulated that as of July 30, 1954, the amount of the penalties and interest which would accrue to the plaintiff and to each of the several taxing agencies under and by virtue of Article 7336 in the event it should be determined that the defendants have a legal obligation to pay such interest and penalties, was the sum of $25,712.50; and that such penalties and interest will increase at the rate of one-half of one percent of the amount of taxes due each calendar month or fraction thereof beginning August 1, 1954.

The trial court entered judgment against the defendants for the amount of the delinquent taxes less the sum of $124,300.00 which had theretofore in December, 1954 been withdrawn and paid to Jefferson County, Texas under an order of the Court, which provided that the payment should in no wise affect the issues or waive any rights of the parties, and likewise entered judgment against the defendants, jointly and severally, for the additional sum of $33,198.00, the total amount of penalties and interest which the trial court determined was then due on the amount of ad valorem tax, with interest thereon at 6% per annum. It is from this portion of the judgment which awards to plaintiff penalties and interest that the defendants have appealed.

Thus, the question presented on this appeal from the judgment below is whether the defendants are liable to plaintiff for penalties and interest on delinquent ad valorem taxes on real property owned by them, or either of them, in the State of Texas under Article 7336 of the Revised Civil Statutes of Texas. Before answering that question it is perhaps advisable that we now state clearly that both of the defendants in this action are corporate agencies of the United States whose stock is owned wholly by the United States government. Thus, and as the Supreme Court pointedly said in speaking of the Reconstruction Finance Corporation: "That the Congress chose to call it a corporation does not alter its characteristics so as to make it something other than what it actually is,

an agency selected by Government to accomplish purely Governmental purposes."[1] And in this connection it is, of course, well-settled under U.S. Constitution, Art. IV, § 3, cl. 2, that a State cannot tax property of the United States or any of its instrumentalities without the consent of Congress, whether such tax is strictly for State purposes or for local and special objects. Under the Constitution, Congress has the exclusive authority to determine whether and to what extent its instrumentalities, such as Reconstruction Finance Corporation, shall be immune from state taxation.

By Section 8 of the Reconstruction Finance Corporation Act, as amended, 15 U.S.C.A. § 607, Congress made it clear that it did not permit States and local governments to impose taxes of any kind on the franchise, capital reserves, surplus income loans, and personal property of the Reconstruction Finance Corporation or any of the subsidiary corporations "except", and this is the important part, "that any real property of the Corporation shall be subject to special assessments for local improvements and shall be° subject to State, Territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed." It is the scope of this exception which is at issue in this case and it is to this provision that the State must of necessity turn for its authority and power to impose penalties and interest upon appellants.

The appellants contend that there is no language to be found in this provision of the Act which indicates that Congress either intended or consented that the Reconstruction Finance Corporation or any of its subsidiary corporations would be subjected to the payment of penalties and interest in addition to ad valorem taxes and that no presumption to the contrary is to be indulged inasmuch as a waiver of a defined tax immunity must be strictly construed.

Appellee on the other hand insists that when Congress permitted the real estate of the Reconstruction Finance Corporation to be taxed by the State and local taxing districts to the same extent as other real property is taxed by the State, it was aware of the applicable law of the respective States in regard to the imposition of penalties and interest upon delinquent taxes, and clearly intended that local law be applied not only as to the assessment of taxes, but to the machinery provided by State or local law for the collection and the enforcement of timely payment. We are unwilling to accept this argument as a whole, but we do agree with appellee that the determination of whether penalties and interests, as such, are a part of the ad valorem tax must be governed by the substantive law of the State of Texas. Reconstruction Finance Corporation v. Beaver County, 328 U.S. 204, 66 S.Ct. 992, 90 L.Ed. 1172. Since Congress did not define the term "taxation" as that word is used in Section 8 of the Act, it is, therefore, clear by force of the Beaver County decision that the Congressional purpose can best be accomplished by application of settled State rules in determining whether the word "taxation" as used in Section 8 includes penalties and interest.

Article 7336 of the Revised Civil Statutes of Texas, which is the sole statutory authority by which appellee claims it has the right to collect penalties and interest in addition to the ad valorem tax levied and assessed against the real property of the appellant, reads in pertinent part as follows:

"* * * unless he pays all of the taxes (imposed by law on him or his property), on or before the thirty-first day of the succeeding January, the following penalty shall be payable thereon, to-wit: During the month of February, one (1%) per cent; during the month of March, two (2%) per cent; during the month of April, three (3%) per cent; during the month of May, four (4%) per cent; during the month of June, five (5%) per cent;

---

1. Cherry Cotton Mills, Inc., Petitioner v. United States, 327 U.S. 536, 66 S.Ct. 729, 730, 90 L.Ed. 835.

**12**

and on and after the first day of July, eight (8%) per cent.

\* \* \* \* \* \*

"The Assessor and Collector of Taxes shall, as of the first day of July of each year for which any State, county and district taxes for the preceding year remain unpaid, make up a list of the lands and lots and/or property on which any taxes for such preceding year are delinquent, charging against the same all unpaid taxes assessed against the owner thereof on the rolls for said year.

"Penalties, interest and costs accrued against any land, lots and/or property need not be entered by the Assessor and Collector of Taxes on said list, but in each and every instance all such penalties, interest and costs shall be and remain a *statutory charge* with the same force and effect as if entered on said list, and the Assessor and Collector of Taxes shall calculate and charge all such penalties, interest and costs on all delinquent tax statements or delinquent tax receipts issued by him." (Italics ours.)

Obviously, Article 7336 is a penalty statute and the penalties and interest which are authorized thereunder are no part of the tax. That is what the Article says in plain simple language. It is needless to say that it has been so construed by the Supreme Court of Texas. Jones v. Williams, 121 Tex. 94, 45 S.W.2d 130, 79 A.L.R. 983.

Consequently, we think it is clear that the word "taxation" as used in Section 8 of the Act does not include penalties and interest. Construing the waiver of exemption from State and local taxation strictly as we must [2] and do, it is not shown that Congress consented to the imposition under State authority of penalties and interest which under the settled law of the State formed no part of the tax. U. S. v. Nelson, D.C., 91 F.

Supp. 557. The Supreme Court in analogous situations has followed a like strict rule of construction in determining whether an Act of Congress which involved consent of the United States or any of its government instrumentalities is to be charged with a tax or penalty or interest. United States v. N. Y. Rayon Importing Co., Inc., 329 U.S. 654, 658, 67 S.Ct. 601, 91 L.Ed. 577; Missouri-Pacific Railroad Company v. Ault, 256 U.S. 554, 563, 41 S.Ct. 593, 65 L.Ed. 1087. See also Board of Directors of Red River Levee District No. 1 of Lafayette County, Arkansas v. Reconstruction Finance Corporation, 8 Cir., 170 F. 2d 430.

For the reasons stated that part of the judgment appealed from is reversed and the case is remanded for further and not inconsistent proceedings.

Reversed.

---

2.  State of Oklahoma ex rel. Oklahoma Tax Commission v. Barnsdall Refineries, Inc., 296 U.S. 521, 56 S.Ct. 340, 80 L. Ed. 366.