**UNITED STATES of America,**
**Plaintiff,**

**v.**

**CONSUMERS SCRAP IRON CORPORATION, a Michigan Corporation, and Harold Taback and Reta Taback, and City of Detroit, a Municipal Corporation, and Charles N. Williams, Treasurer, City of Detroit, Defendants.**

**Civ. A. No. 22992.**

United States District Court
E. D. Michigan, S. D.

Aug. 4, 1965.

Lawrence Gubow, John H. Shepherd, Detroit, Mich., for plaintiff.

Robert Reese, Irving S. Wolfe and Joseph Maisano, Detroit, Mich., for city of Detroit and Williams.

Archie Katcher, of Katcher & Feldman, Detroit, Mich., for Consumers Scrap Iron Corp., and Harold and Reta Taback.

## MEMORANDUM OPINION ON MOTIONS FOR SUMMARY JUDGMENT

McCREE, District Judge.

Presented for the court's determination are cross motions for summary judgment by the United States of America and by the City of Detroit in an action concerning the disposition of a sum of money paid into the Office of the Clerk of the Court by the United States. The dispute centers about the respective priorities of the United States and of the City of Detroit with respect to money realized upon the foreclosure of a real estate mortgage executed by the defendants, Consumers Scrap Iron Corporation, a Michigan Corporation, Harold Taback and Reta Taback, in favor of the Small Business Administration, covering certain real estate situated in the City of Detroit.

The City claims that its lien for real estate taxes includes the amount assessed as interest thereon. The United States acknowledges that the city is entitled to priority for real estate taxes, but contends that the interest is not part of the tax, and is separable therefrom, and as such is not included in the city's priority to its lien for taxes.

The "Aid to Small Business" Act provides that "[a]ny interest held by the Administration in property, as security for a loan, shall be subordinated to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest if such interest were held by any party other than the United States." 15 U.S.C. § 646.

The relevant tax statute of the State of Michigan, to which the court is directed, provides: "Notwithstanding any provisions in the charter of any city or village to the contrary, all taxes shall become a debt due to the township, city, village and county from the owner * * * and the amounts assessed on any interest in real property shall, * * * become a lien upon such real property, and the lien for such amounts, and for all interest and charges thereon, shall continue until payment thereof." M.S.A. § 7.81 [Comp. Laws Mich.1948, § 211.40, P.A.1958, No. 209].

Although the court is directed to state law to determine the effect of the liens of the city, there does not appear to be a Michigan case which decides specifically whether the lien for taxes includes interest or other charges. Therefore, the court must rely on general rules of statutory construction.

The Small Business Administration is the successor agency to the Reconstruction Finance Corporation which was abolished by Act of Congress, effective June 30, 1957. Section 8 of the Reconstruction Finance Corporation Act provided that, " * * * any real property of the Corporation * * * shall be subject to State, Territorial, county, municipal or local taxation to the same extent according to its value as other real property." Under the Reconstruction Finance Corporation Act the word which required judicial construction was, "taxation". Under this statute, it is not surprising that the court in Reconstruction Finance Corporation v. State of Texas, 229 F.2d 9 (5th Cir. 1956), held that the word "taxation" under Texas law did not include penalties and interest. The Texas statute provided in pertinent part:

"The Assessor and Collector of Taxes shall, as of the first day of July of

each year for which any State, county, and district taxes for the preceding year remain unpaid, make up a list of the lands and lots and/or property on which any taxes for such preceding year are delinquent, charging against the same all unpaid taxes assessed against the owner thereof on the rolls for said year.

Penalties, interest and costs accrued against any land, lots and/or property need not be entered by the Assessor and Collector of Taxes on said list, but in each and every instance all such penalties, interest and costs shall be and remain a statutory charge with the same force and effect as if entered on said list, and the Assessor and Collector of Taxes shall calculate and charge all such penalties, interest and costs on all delinquent tax statements or delinquent tax receipts issued by him."

However, the Congress changed the pertinent language in the "Aid to Small Business Act," to provide the Administration's security in certain circumstances should be subordinate to any "lien on such property for taxes due." Thus the question for decision here is not simply that of deciding what are "taxes" under Michigan law, but what Michigan includes within its lien for taxes. The Michigan statute (supra) creates a single indivisible lien which includes not only the amount due for taxes but also "all interest and charges thereon".

Thus, since under Michigan law, there is a single indivisible lien for taxes and interest, the court finds the Small Business Administration's security interest in the subject property is subordinate to the city's lien for taxes including interest. It should be observed that although the Michigan Supreme Court has never expressly considered the question presented here, in In re Ever Krisp Food Products Co., 307 Mich. 182, 11 N.W.2d 852 (1943) that court regarded city and county personal property tax liens, including interest, as having priority over a claim of the United States.

For the foregoing reasons, the motion for summary judgment on behalf of the City of Detroit is granted, and that on behalf of the United States of America is denied. An appropriate order may be presented for entry.