

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 29, 1967

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Building
Austin, Texas

Opinion No. M-139

Re: Under H.B. 832,
Acts of the 60th
Legislature, Regular
Session, 1967, Chap-
ter 227, page 523,
which amended Article
1.13, Title 122A,
Taxation-General,
V.C.S., whether the
Comptroller is re-
quired to refund the
forfeited discounts
or deductions, pro-
vided in Article
20.05(E) and the pen-
alties and interest
under Article 20.05(H)
of said Title 122A,
when the taxpayer is
able to show that his
return was mailed on
time but postmarked
late, and even though
the event occurred
prior to the effective
date of the 1967
amendment.

Dear Mr. Calvert:

You have requested our opinion on the following question:

Under H.B. 832, Acts of the 60th Legislature, Regular
Session, 1967, Chapter 227, page 523, which amended Article
1.13, Title 122A, Taxation-General, V.C.S., whether the
Comptroller is required to refund the forfeited discounts
or deductions, provided in Article 20.05(E) and the penalties
and interest under Article 20.05(H) of said Title 122A, when
the taxpayer is able to show that his return was mailed on
time but postmarked late, and even though the event occurred
prior to the effective date of the 1967 amendment.

- 644 -

Article 1.13, as amended by H. B. 832 reads as follows:

"(a) Any report, required by any provision of this Title to be filed or made on or before a specific date shall be deemed timely filed if said report, shall be placed in the United States Post Office or in the hands of a common or contract carrier properly addressed to the Comptroller of Public Accounts on or before the date required for such payment, report, annual report, return declaration, statement, or document to be filed or made.

"(b) The postmark or receipt mark (if received by a common or contract carrier) will be prima facie evidence of the date that such report was deposited with the post office or the carrier. The person making the report or the Comptroller may show by competent evidence that the actual date of posting was to the contrary.

"(c) The person making the report shall be deemed to have substantially complied with the filing requirements as to timeliness if he exercised reasonable diligence to comply and through no fault of his own the reports were not timely filed.

"(d) If the report is filed within ten (10) days after the due date and as originally filed shows the correct amount of taxes due, no assessment for penalties and interest will be made solely on the grounds of late filing after the lapse of ninety (90) days immediately following the date the report was required to be filed.

"(e) If the due date falls on a Saturday, Sunday, or legal holiday the next business day thereafter will be considered to be the due date.

"(f) The term 'report' shall include any payment, report, annual report, return, declaration, statement or other document required by any provision of this Title to be filed with the Comptroller.

"(g) The Comptroller is hereby authorized to refund or issue credits for penalties and interest paid solely as a result of returns timely mailed but postmarked after the required filing date; provided, however, that no refund or credit shall be allowed for such penalties incurred prior to September 1, 1961, the original effective date of this Article."

We shall first consider the applicability of Article 1.13, as amended, on the provisions of Article 20.05(H), which reads as follows:

"If any person shall fail to file a report as required herein or shall fail to pay to the Comptroller the tax as imposed herein when said report or payment is due, he shall forfeit five per cent (5%) of the amount due as a penalty, and after the first thirty (30) days he shall forfeit an additional five per cent (5%). Provided, however, that the penalty shall never be less than One Dollar ($1). Delinquent taxes shall draw interest at the rate of six per cent (6%) per annum, beginning sixty (60) days from the date due."

Prior to the effective date of Article 1.13, as amended, a tax return under Article 1.13, was deemed to have been timely filed if said return bore a postmark dated on or before the date required for such return to be filed. Since the statute was clear and unambiguous the Comptroller was under duty to collect penalties and interest on the tax due if the return was postmarked late irrespective of when it was mailed. The Comptroller had no authority to look behind the postmark at any mitigating circumstances.

Article 1.13, as amended, declares in paragraph (c) that a report or return is deemed timely filed though postmarked late, if the person making the report exercised reasonable diligence to comply with the filing requirements and through no fault of his own the reports were not timely filed. Is this provision applicable if the event (return timely filed but postmarked late) occurred prior to the effective date of the 1967 amendment to Article 1.13? Stated otherwise, is Article 1.13(g), as amended, retrospective in scope as concerns penalties and interest imposed as a result of late filing as defined under old Article 1.13?

It is well settled that the legislature has the power to release penalties and interest on taxes. Jones v Williams, 121 Tex. 94, 45 S.W.2d 130 (1931). It is the general rule that a statute shall not be given retroactive effect unless such construction is required by explicit language or necessary implication. State v Humble Oil and Refining Co., 141 Tex. 40, 169 S.W.2d 707 (1943), 53 Tex.Jur.2d 53, Sec. 29. When we apply this rule to Article 1.13(g), we find words contained therein which indicate a legislative intent to apply its provisions to past transactions. That is what it says in plain simple language. When a law is expressed in plain and unambiguous language and its meaning is clear and obvious, the

law will be applied and enforced as it reads, there being no room for construction of its meaning. This rule of statutory construction is so well-settled that no authorities need be cited. Therefore, the Comptroller is required to refund the penalties and interest imposed by Article 20.05(H), when the taxpayer is able to show that his return was mailed on time but postmarked late and even though the event occurred prior to the effective date of Article 1.13 as amended.

We come next to that portion of your opinion request regarding the refunding of the forfeited deduction allowed by Article 20.05(E) which reads as follows:

"The taxpayer shall deduct and withhold from the taxes otherwise due from him on his quarterly tax return, one per cent (1%) thereof to reimburse himself for the cost of collecting the tax. Provided, however, an additional two per cent (2%) deduction shall be allowed a taxpayer who makes prepayments of his tax liability based upon a reasonable estimate of his tax liability for the quarter in which the prepayment is made. In order for the taxpayer to be entitled to the additional two per cent (2%) discount, the prepayment must be made on or before the fifteenth day of the second month of the calendar quarter for which the payment is made.

"A taxpayer making a prepayment of his tax as provided for in this paragraph is not relieved from the filing of quarterly returns as provided for elsewhere in this Chapter. At the time the taxpayer files his quarterly return showing his actual tax liability any prepayments made by the taxpayer shall be credited against his tax liability; in the event that there is tax liability owed by the taxpayer in excess of the prepayment, the taxpayer shall remit such excess at the time of filing his quarterly return and from such excess shall deduct and withhold one per cent (1%) of the amount of the excess. If the tax liability of the taxpayer is less than the prepayment of taxes, the excess of the payment shall be recorded as a credit against future tax liability or refunded to the taxpayer as provided for in Article 20.10.

"In the event the payment of any taxes due under the applicable provisions of this Chapter are not paid within

the time required, or in the event that the taxpayer does not file reports when due as provided by the provisions of this chapter, the taxpayer forfeits his claim to any discount, including any discount that might have been taken by a taxpayer at the time of making a prepayment."

Statutes providing for the remission of penalties for delinquencies in compliance with the tax laws are remedial, and relate to procedure in the collection of delinquent taxes and should be liberally construed in accordance with the general rules governing statutory construction. 85 C.J.S. p. 597 Sec. 1031.

The Legislature in the enactment of Article 20.05(E) expressly stated that the taxpayer "forfeits" his claim to any discounts earned for collecting the tax and for making prepayments of his tax liability.

In order to determine the applicability of Article 1.13, as amended, to forfeited discounts or deductions, we must first ascertain if the forfeited discount is in the nature of a penalty. To fall within the purview of Article 1.13(g), the only paragraph providing for refund or credit of monies, the deductions must qualify as penalties.

A tax is an exaction for revenue purposes; a penalty is an exaction for purposes of regulation and enforcement. Tax penalties are imposed as punitive measures against persons who have been guilty of some default or delinquency and therefore constitute no part of the tax. A statute authorizing collection of penalties and interest from delinquent taxpayers is a penalty statute and the penalties and interest authorized thereunder are no part of the tax. Reconstruction Finance Corporation v. State of Texas, 229 F.2d 9 (C.C.A. 5th 1956, cert.den. 351 U.S. 907). Penalties are intended to compel and induce the taxpayer's prompt compliance with the tax laws. 85 C.J.S. 576 Sec. 1021. In Jones v. Williams, supra, it was held that penalties did not constitute a part of the tax, but were merely a method of enforcing payment of the tax. A careful reading of Article 20.05(E), shows that the discount is allowed as (1) compensation for services performed by the taxpayer and (2) for prepayment of the taxes.

It is to be observed that Article 1.13(g), as amended, does not confer any authority to refund taxes; the authority granted is confined to refund of penalties and interest. The discount earned by the taxpayer, although deducted from the taxes collected, does not make the discount a tax. The allowing of the discount is merely a convenient and inexpensive method of payment for service rendered by the taxpayer. Black's Law Dictionary, fourth edition, defines the word forfeit, "To incur a penalty." It also states that forfeiture is "Something to which the right is lost by the commission of a crime or fault or the losing of something by way of penalty." The Court in State v. De Grass, 72 Tex. 242, 11 S.W. 1029 (1888), stated that "Forfeiture is where a person loses some property, right, privilege, or benefit in consequence of having done or omitted to do a certain act." In Jones v. Williams, supra, the Court stated:

> "In the first place, impositions for failure to make returns of and pay occupation taxes and other business and special taxes have been from the beginning to the present time penalties, sometimes named as such, sometimes referred to as forfeitures or fines, sometimes as 'double the amount of the tax,' or defined in some other manner, but all so plainly penalties that we deem an analysis and discussion of the laws unnecessary."

Article 20.05(E) provides a 1% deduction from taxes owed as compensation for collection of the taxes by the taxpayer. It further provides an additional 2% deduction if the taxes are prepaid within a prescribed time. The discounts are for the purpose of encouraging collection and early payment of taxes. Both deductions are forfeited if the taxes are not timely paid, or the quarterly report is not filed when due. When disallowed by the Comptroller, these disallowed deductions take the form of punitive measures against persons who have been guilty of some default or delinquency and therefore become penalties. The type of, and not the name given, an exaction is the proper criterion by which to judge whether or not it is a tax or a penalty. Disallowance of a deduction for failure to file tax returns and to file them timely is a penalty within legislative power of remission. The disallowance is in the nature of punishment, and the losing of the discount "by way of penalty."

Having determined therefore that the forfeited deductions are penalties, the Comptroller is required to refund the same under the provisions of Article 1.13, as amended.

## SUMMARY

Under the 1967 amendment to Article 1.13, Taxation-General, Vernon's Civil Statutes, the Comptroller is required to refund the forfeited discounts and deductions and the penalties and interest when the taxpayer is able to show that his return was mailed on time but postmarked late and even though the event occurred prior to the effective date of the 1967 amendment.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

MGO:dls

Prepared by Mario G. Obledo
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns B. Taylor, Chairman
W. V. Geppert, Co-Chairman
Harold Kennedy
Marvin Sentell
Neil Williams

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.