384 F.2d 62
 UNITED STATES of America, Plaintiff-Appellant,
v.
CONSUMERS SCRAP IRON CORPORATION, a Michigan corporation, Harold Taback, Reta Taback, City of Detroit, a Municipal corporation, and Charles N. Williams, Treasurer, City of Detroit, Defendants-Appellees.
 No. 17082.
 No. 17529.
 United States Court of Appeals Sixth Circuit.
 August 30, 1967.
 
 John C. Eldridge, Atty., Dept. of Justice, Washington, D. C. (Barefoot Sanders, Asst. Atty. Gen., Morton Hollander, Robert V. Zener, Attys., Dept. of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief), for appellant.
 Joseph Maisano, Asst. Corp. Counsel, Detroit, Mich. (Robert Reese, Corp. Counsel, Detroit, Mich., on the brief), for appellees.
 Before EDWARDS and CELEBREZZE, Circuit Judges, and WEINMAN,* District Judge.
 EDWARDS, Circuit Judge.
 
 
 1
 In these appeals the United States of America appeals from the allowance to the City of Detroit of interest on its city taxes. These taxes remained unpaid during foreclosure proceedings by the Small Business Administration against property owned by Consumers Scrap Iron Corporation and Harold and Reta Taback. The amount of interest due as of the date of the order of the District Court was only $796.61. But the principle involved is of importance to both the City of Detroit and the United States of America.
 
 
 2
 The parties are in agreement on the essential facts and the cases were decided by the District Judge upon cross-motions for summary judgment.
 
 
 3
 The Small Business Administration mortgage notes were dated December 24, 1958, and February 24, 1961. The taxes upon which the City of Detroit claims interest did not become due and payable until July 15, 1961. Thus as to both taxes and interest, the United States' liens had precedence in time.
 
 
 4
 The proceeds of the foreclosure sales were insufficient to satisfy the Small Business Administration claims. A federal statute provides, however:
 
 
 5
 "Any interest held by the Administration in property, as security for a loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or a political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest if such interest were held by any party other than the United States." 15 U.S.C. § 646 (1964) (emphasis added).
 
 
 6
 Under this statute the United States District Attorney conceded that Detroit's claim for taxes took priority. But it vigorously contested the subordination of the SBA claims to Detroit's interest claim.
 
 
 7
 The United States District Judge held that under applicable Michigan law the lien for taxes and interest was a single and indivisible lien. He relied in this regard upon Mich.Stats.Ann. § 7.81 (1960), Comp.Laws 1948, § 211.40, which provided in part:
 
 
 8
 "[Notwithstanding any provisions in the charter of any city or village to the contrary, all] taxes * * * shall become * * * a debt due to the township, city, village and county from the [owner * * *] and the amounts assessed on any interest in real property shall * * * become a lien upon such real property, and the lien for such amounts, and for all interest and charges thereon, shall continue until payment thereof." Mich.Stats.Ann. § 7.81 (1960).
 
 The District Judge reasoned:
 
 9
 "Although the court is directed to state law to determine the effect of the liens of the city, there does not appear to be a Michigan case which decides specifically whether the lien for taxes includes interest or other charges. Therefore, the court must rely on general rules of statutory construction.
 
 
 10
 "The Small Business Administration is the successor agency to the Reconstruction Finance Corporation which was abolished by Act of Congress, effective June 30, 1957. Section 8 of the Reconstruction Finance Corporation Act provided that, `* * * any real property of the corporation shall be subject to state, territorial, county, municipal or local taxation to the same extent according to its value as other real property.' Under the Reconstruction Finance Corporation Act the word which required judicial construction was, `taxation.' Under this statute, it is not surprising that the court in Reconstruction Finance Corporation v. Texas, 229 F.2d 9 (5th Cir. 1956), held that the word `taxation' under Texas law did not include penalties and interest.
 
 
 11
 * * * * * * *
 
 
 12
 "However, the Congress changed the pertinent language in the `Aid to Small Business Act,' to provide the Administration's security in certain circumstances should be subordinate to any `lien on such property for taxes due.' Thus the question for decision here is not simply that of deciding what are `taxes' under Michigan law, but what Michigan includes within its lien for taxes. The Michigan statute (supra) creates a single indivisible lien which includes not only the amount due for taxes but also `all interest and charges thereon.'
 
 
 13
 "Thus, since under Michigan law, there is a single indivisible lien for taxes and interest, the court finds the Small Business Administration's security interest in the subject property is subordinate to the city's lien for taxes including interest. It should be observed that although the Michigan Supreme Court has never expressly considered the question presented here, in In re Ever Krisp Food Products Co., 307 Mich. 182 [11 N.W.2d 852] (1943), that court regarded city and county personal property tax liens, including interest, as having priority over a claim of the United States."
 
 
 14
 We recognize that there is much force to this reasoning and that various courts have followed somewhat similar interpretations. See United States v. City of Springfield, 190 F.Supp. 817 (D.Mass. 1961), aff'd per curiam, 294 F.2d 958 (C.A.1, 1961); School District of Warminster Township v. Reconstruction Finance Corp., 72 F.Supp. 149 (E.D.Pa. 1947); Reconstruction Finance Corp. v. State of Texas, 229 F.2d 9 (C.A.5, 1956), cert. denied, 351 U.S. 907, 76 S.Ct. 695, 100 L.Ed. 1442 (1956).
 
 
 15
 We also recognize that there is equity in Detroit's argument that if the City is to be made whole, this can only be done by payment of interest on the period of time taxes were withheld, as well as payment of the taxes themselves.
 
 
 16
 Our point of departure from the view of the District Court is a matter of emphasis and possibly a matter of which law governs in determining that emphasis. The District Court apparently thought the critical word in the federal statute was "lien" and that this word was made subject to interpretation by "applicable state law." We believe the critical word is "taxes" and that we must look to federal law for its interpretation.
 
 
 17
 Generally, of course, federal statutes of nationwide application are subject to interpretation by federal law. City of New York v. Feiring, 313 U.S. 283, 285, 61 S.Ct. 1028, 85 L.Ed. 1333 (1941); In re Lehigh Valley Mills, Inc., 341 F.2d 398 (C.A.3, 1965); United States v. Oswald & Hess Co., 345 F.2d 886 (C.A.3, 1965).
 
 
 18
 Generally, too, waivers of immunities of the United States are strictly construed. McMahon v. United States, 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951); Flora v. United States, 357 U. S. 63, 65, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), aff'd on rehearing, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); Reconstruction Finance Corp. v. State of Texas, 229 F.2d 9 (C.A.5, 1956), cert. denied, 351 U.S. 907, 76 S.Ct. 695, 100 L. Ed. 1442 (1956).
 
 
 19
 Even closer to point is the accepted proposition that interest cannot be recovered against the United States in the absence of an express contractual or statutory provision. United States ex rel. Angarica de la Rua v. Bayard, 127 U.S. 251, 260, 8 S.Ct. 1156, 32 L.Ed. 159 (1888); United States v. Alcea Band of Tillamooks, 341 U.S. 48, 49, 71 S.Ct. 552, 95 L.Ed. 738 (1951), and United States v. New York Rayon Importing Co., 329 U.S. 654, 67 S.Ct. 601, 91 L.Ed. 577 (1947). In this last case the United States Supreme Court wrote:
 
 
 20
 "In other words, in the absence of constitutional requirements, interest can be recovered against the United States only if express consent to such a recovery has been given by Congress." United States v. New York Rayon Importing Co., supra at 658-659, 67 S.Ct. at 603.
 
 
 21
 While the quoted case dealt with an upaid claim, we believe the principle is applicable to this case.
 
 
 22
 The Court of Appeals for the Sixth Circuit has similarly stated the rule in Gray v. Dukedom Bank, 216 F.2d 108, 110 (C.A.6, 1954), as follows:
 
 
 23
 "In the absence of constitutional requirements interest can be recovered against the United States only if express consent to such a recovery has been given by Congress. Tillson v. United States, 100 U.S. 43, [25 L.Ed. 543]; United States v. New York Rayon Importing Co., 329 U.S. 654, [67 S.Ct. 601, 91 L.Ed. 577]; United States v. Alcea Band of Tillamooks, 341 U.S. 48, 71 S.Ct. 552, 95 L.Ed. 738; See 28 U.S. Code, §§ 2411(b), 2516, 2674."
 
 
 24
 In Reconstruction Finance Corp. v. Beaver County, 328 U.S. 204, 66 S.Ct. 992, 90 L.Ed. 1172 (1946), the Supreme Court held Pennsylvania's definition of real property to be binding upon the Reconstruction Finance Corporation for purposes of state taxation. However, Mr. Justice Black added, "But Pennsylvania's definition of `real property' cannot govern if it conflicts with the scope of that term as used in the federal statute. What meaning Congress intended is a federal question which we must determine."[1]
 
 
 25
 With these principles of interpretation in front of us, we return to construction of the applicable statute to seek the intent of Congress. We believe the lien given priority over SBA security interests is only a lien on such property for taxes due on the property. Neither in the ordinary use of language, nor in any federal case law can we find authority for the proposition that Congress by using the word "taxes" intended to include therein "interest" and "penalties." No such intent is ascertainable in the legislative history of the Small Business Administration Act. See, e. g. 104 Cong.Rec. 2470 and 2 U.S. Code Cong. & Adm.News pp. 3080 and 3084, 85th Cong. 2d Sess. (1958). And certainly Congress has many times in federal tax statutes employed the terms "taxes", "interest" and "penalties" in the same statute to refer to separate entities. See e. g. Int.Rev.Code of 1954, § 6201.
 
 
 26
 Nor do we believe that the reference to "applicable state law" in the currently considered federal enactment authorizes us to interpret the entire statute (including the term "taxes") by state as opposed to federal law. As we read the statute, it is only the priority to be accorded the lien referred to which is governed "by applicable state law." In re Lehigh Valley Mills, Inc., 341 F.2d 398, 400 (C.A.3, 1965).
 
 
 27
 We reject appellees' contention that the phrase in 15 U.S.C. § 646 (1964) "any lien on such property for taxes due" must be considered as authorizing priority for city interest claims, because the state statute creates only a single and indivisible lien for taxes, interest and charges. We hold that where Congress has subordinated the United States' secured interests to "any lien on such property for taxes due," but has not similarly waived the sovereign's immunity from "interest" and "penalties," that the phrase "any lien on such property for taxes due" must be construed as referring to only that part of any lien which is for "taxes due."
 
 
 28
 Since we have held that the word "taxes" in the statute currently considered is subject to interpretation by federal law, we do not consider or decide appellees' contention that the word "taxes" under Michigan law includes both the original tax and the statutory interest due thereon.
 
 
 29
 The judgment is vacated and the case is remanded to the District Court for entry of judgment in accordance with this opinion.
 
 
 
 Notes:
 
 
 *
 Honorable Carl A. Weinman, Chief United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Reconstruction Finance Corp. v. Beaver County, 328 U.S. 204, 208, 66 S.Ct. 992, 995 (1946)