QUESTIONS: 1. If I attach equipment on which the Small Business Administration (SBA) shows a mortgage for personal property tax and without any knowledge of the SBA security interest I sell the property at a tax collector's sale, would this in fact wipe out the mortgage or security interest that SBA would have? 2. Does the priority of a local lien for taxes that is superior to a mortgage held by SBA extend to interest or penalty for any delinquent tax?
SUMMARY: A local lien for ad valorem taxes on personal property has priority over a mortgage lien held by the Small Business Administration in the same property. If the property is sold by the tax collector the purchaser would take free of all encumbrances including that of the SBA except to the extent the proceeds are sufficient to cover interest and penalties. The priority afforded liens for local taxes does not extend to liens representing interest or penalty. Their priority is determined by the principle of "first in time, first in right." Your first question is answered in the affirmative. The law in Florida with respect to the viability of junior liens upon the sale of property pursuant to a senior tax lien is that a purchaser at the sale takes the property free of the encumbrance. Coin Machine Acceptance Corporation v. Morgenstern, 232 So.2d 423 (3 D.C.A. Fla., 1970); AGO 066-111. My predecessor in office, in the opinion above cited and referred to in your letter, stated: The proceeds of any sale pursuant to said warrant would first be applied towards the tax lien. The said tax lien would be superior to any chattel mortgage on the same property. (See Clermont-Minneola Country Club v. Coupland, 143 So. 133 and Gailey v. Robertson,123 So. 692) Consequently, in the event that the amount realized from such sale is insufficient to cover the amount of the delinquent taxes, it would have the effect of extinguishing the lien of a chattel mortgage on such property (See 51 Am. Jur. Taxation, p. 938), assuming, of course, the property has been purchased by a bona fide third party. . . . Since the lien of an agency of the federal government is at issue, your first question must be divided into two parts: Is a lien for taxes held by a local governmental entity superior to a mortgage held by the SBA? If so, does the foreclosure of the tax lien discharge the lien of the SBA? Federal law determines the priority of competing liens on property to which tax liens of a local governmental agency and liens of a federal agency have attached. Aquilino v. United States, 363 U.S. 509, 514 (1960). The Small Business Act, 15 U.S.C.A. s. 646 (1963), provides:
Any interest held by the Administration in property, as security for a loan, shall be subordinate to any lien on such property for taxes due on the property to a State, or political subdivision thereof, in any case where such lien would, under applicable State law, be superior to such interest if such interest were held by any party other than the United States. (Emphasis supplied.) Section 197.056, F.S., provides such local tax liens with the necessary priority: (1) All taxes imposed pursuant to the constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed, and shall continue in full force from January 1 of the year the taxes were levied until discharged by payment or until barred by chapter 95. (Emphasis supplied.) The priority established by the above provisions applies regardless of when the liens arise, even if the local tax lien arises long after the mortgage of the SBA has been recorded. United States v. Consumers Scrap Iron Corporation, 384 F.2d 62 (6th Cir. 1967). See also United States v. Clover Spinning Mills Co., 373 F.2d 274 (4th Cir. 1966); Hunter v. United States, 352 F. Supp. 5 (D.Me. 1972) and 17 A.L.R. Fed. 774. A lien held by the federal government is no different from any other lien in that if pursuant to state law a junior lien is discharged upon foreclosure of a senior lien, then a junior lien of the United States or agency thereof is also discharged. United States v. Brosnan, 363 U.S. 237, 252 (1960). Your second question is answered generally in the negative except as indicated herein. Whether the priority afforded a lien for local taxes extends to any interest and penalty was discussed by the United States Court of Appeal for the Sixth Circuit in United States v. Consumers Scrap Iron Corporation, 384 F.2d 62 (6th Cir. 1967). That court concluded: . . . We believe the lien given priority over SBA security interests is only a lien on such property for taxes due on the property. Neither in the ordinary use of language, nor in any federal case law can we find authority for the proposition that Congress by using the word "taxes" intended to include therein "interest" and "penalties." No such intent is ascertainable in the legislative history of the Small Business Administration Act. See e.g. 104 Cong. Rec. 2470 and 2 U.S. Code Cong. Adm. News pp. 3080 and 3084, 85th Cong.2d Sess. (1958). And certainly Congress has many times in federal tax statutes employed the terms "taxes," "interest" and "penalties" in the same statute to refer to separate entities. See e.g. Int.Rev. Code of 1954, s. 6201. Nor do we believe that the reference to "applicable state law" in the currently considered federal enactment authorizes us to interpret the entire statute (including the term "taxes") by state as opposed to federal law. As we read the statute, it is only the priority to be accorded the lien referred to which is governed "by applicable state law." In re Lehigh Valley Mills, Inc., 341 F.2d 398,400 (C.A. 3, 1965). We reject appellees' contention that the phrase in 15 U.S.C. § 646
(1964) "any lien on such property for taxes due" must be considered as authorizing priority for city interest claims, because the state statute creates only a single and indivisible lien for taxes, interest and charges. We hold that where Congress has subordinated the United States' secured interests to "any lien on such property for taxes due," but has not similarly waived the sovereign's immunity from "interest" and "penalties," that the phrase "any lien on such property for taxes due" must be construed as referring to only that part of any lien which is for "taxes due." United States v. Christensen, 218 F. Supp. 722 (D.Mont. 1963), and Reconstruction Finance Corporation v. Texas, 229 F.2d 9
(5th Cir. 1956), arrived at similar conclusions but held that whether penalties and interest are "taxes" within the meaning of 15 U.S.C.A. s. 646, supra, is a question to be determined by reference to state law. Although s. 192.053, F.S., provides that the lien attaching to the personal property includes penalties and interest as well as the assessed taxes, it does not appear that these charges are part of the tax itself so as to enjoy the priority afforded "taxes." See s. 193.072, F.S., and 229 F.2d at pages 11 and 12. The foundation of the Sixth Circuit's opinion, supra, is that the immunity and sovereignty of the federal government can be waived only through an express waiver and such waivers are strictly construed. McMahon v. United States,342 U.S. 25, 27 (1951); Flora v. United States, 357 U.S. 63, 65 (1958), aff'd on rehearing, 362 U.S. 145 (1960). In the absence of a contractual provision or consent of Congress, interest cannot be collected or recovered against the United States. United States v. New York Razor Importing Co., 329 U.S. 654 (1947); United States v. Alcea Band of Tillamooks, 341 U.S. 48, 49 (1951); Reconstruction Finance Corporation v. Texas, supra. Congress has granted a similar waiver of priority in connection with liens of the Internal Revenue Service; however, Congress in that case has expressly afforded interest and costs the same priority as the tax lien upon which they are based. Internal Revenue Code s. 6323(b) and (e). Where Congress has granted a specific waiver that is more limited than the IRS provision, for example, it would be inappropriate for me to extend the waiver beyond its terms. United States v. General Douglas MacArthur Senior Village, Inc.,470 F.2d 675 (2nd Cir. 1972). Therefore, in regard to liens for interest and penalty, their priority is determined by the doctrine of "first in time, first in right." United States v. Roessling,280 F.2d 933 (5th Cir. 1960); United States v. Christensen, supra. Thus, the SBA lien will have priority if it arose prior to the date of delinquency. This priority, however, relates only to the viability of the federal lien after the sale and does not affect the distribution of the proceeds. Assuming the lien of the SBA has priority over the lien for delinquency charges, and that the proceeds are sufficient to cover the interest and penalty charges, the effect on a sale of personal property pursuant to s. 197.106, F.S., is that the tax sale purchaser takes the property subject to the federal lien to the extent of the amount of interest and penalties on the local taxes since the federal lien, to this extent, is superior and cannot be extinguished by a sale pursuant to a junior lien. United States v. Roessling, supra. Any excess proceeds after deduction of taxes, delinquent charges, interest, costs, and collection fees are returned to the person in possession of the property when the levy was made or to the former owner of the property. Section 197.106(2), F.S. Should the proceeds be insufficient to cover all these charges, the federal lien on the purchased property is reduced to the amount of interest and penalty collected and the county has a lien for the
balance against all other personal property of the taxpayer situated in the county. Sections 197.056 and 197.106(3), F.S. It should also be noted that in the event of bankruptcy or insolvency coupled with an act of bankruptcy by the delinquent taxpayer, s. 64(a) of the Bankruptcy Act [11 U.S.C. § 104(a)] and 31 U.S.C. § 191 should be checked for their effect upon any priorities. See also AGO 073-81, holding that a U.S. District Court may enjoin a tax sale of personal property under the jurisdiction of a court of bankruptcy.